**William B. VILES, Plaintiff,**

v.

**John R. SHARP and Michael F. Brosnahan, Defendants.**

**No. 15384–1.**

United States District Court
W. D. Missouri,
Western Division.

May 20, 1965.

Wurdack & Wurdack, Kansas City, Mo., for plaintiff.

Alder & Morrison, Kansas City, Mo., for defendant Sharp.

John A. Borron, Jr., of Knipmeyer, McCann & Millett, Kansas City, Mo., for defendant Brosnahan.

JOHN W. OLIVER, District Judge.

This case pends on plaintiff's motion to remand and defendant Brosnahan's motion to dismiss or sever the claims. The petition filed in the State court alleged that defendants Sharp and Brosnahan are equally liable to plaintiff for injuries resulting from an accident involving defendant Brosnahan on May 23, 1963, and defendant Sharp on December 14, 1963. Defendant Sharp, a resident of Kansas, removed the case to this Court, alleging the following ground:

"Plaintiff improperly joined two defendants, against whom plaintiff has two separate causes of actions, arising out of separate occurrences, involving different questions of fact and law. It is the separate defendant's position that the plaintiff's action was taken in order to provide [sic] defendant, John R. Sharp, of his right to remove the case to Federal Court, all to his prejudice."

Defendant Sharp reiterates his theory that the joinder is "improper" in the suggestions in opposition to plaintiff's motion to remand to the State court.

■■ Section 1441 of Title 28, United States Code, which provides for removal of actions generally, has never been interpreted by the cases to allow removal on the basis of "improper" joinder. It is well accepted that "fraudulent" joinder is a basis for removal, but the distinction between "fraudulent" and "improper" is important. As Judge Murrah has stated:

"But, fraudulent joinder, like any other allegation of fraud, must be pleaded with particularity and proven with certainty. It cannot be inferred from a mere misjoinder of parties or causes of action." McLeod v. Cities Service Gas Company, 10 Cir. 1956, 233 F.2d 242.

The removing defendant in this case "frankly admits [that] the intent of plaintiff is difficult to prove;" indeed, the removing defendant would have us infer that a fraudulent joinder, within the meaning of the removal statute, is to be inferred solely from the fact that it is the removing defendant's view of the Missouri law that "the two separate claims of plaintiff cannot be lodged against two separate defendants, arising out of two separate occurrences, involving separate questions of law and fact, in one suit."

The removing defendant contends that "the intent or purpose for which improper joinder was made is immaterial." Professor Moore makes clear that such a statement is true in a sense quite different from that suggested by the removing defendant. On pages 532–533 of Paragraph 0.161[2] of Volume 1A of Moore's Federal Practice, it is stated:

"If the plaintiff has stated a cause of action against the resident defendant, that is normally sufficient to prevent removal. *The motive for joining such a defendant is immaterial,* even when the defendant is judgment-proof, or when the plaintiff is ultimately found not to have had a cause of action against the defendant. Bad faith in bringing the action is not material; bad faith in the joinder is necessary." (Emphasis ours.)

■ Defendant Sharp has not even attempted to allege fraud. He rests his removal on the single allegation that the procedural law of Missouri would not permit the joinder in the present cause of action. This will not do.

While Rule 52.06 of the Missouri Rules of Civil Procedure, V.A.M.R. provides that misjoinder of parties is not ground for dismissal, it also provides that any claim against a party may be severed. Defendant Sharp has a remedy in the State court if he feels that the joinder is "improper."

Should severance be ordered by the State court, plaintiff obviously will be required to allege his damages against defendant Sharp. When and if that occurs, plaintiff may or may not allege a claim for more than $10,000. If he does not do so, the severed case against defendant Sharp would not then be in a posture to be removed; if he does do so,

defendant Sharp's right to remove to the federal court is stated in the second paragraph of Section 1446(b) of Title 28, United States Code.

Plaintiff's motion to remand to the State court should be and is hereby sustained. Defendant Brosnahan's motion to dismiss or to drop defendant, or for severance of claims will not be ruled; said question being one properly for the determination of the State court.

It is so ordered.