**Victor COUCH and Eleanor Couch, Plaintiffs,**

v.

**WHITE MOTOR COMPANY and Clarence F. O'Neill, Defendants.**

**Civ. A. No. 16930-3.**

United States District Court
W. D. Missouri, W. D.

Oct. 7, 1968.

Ewing, Yonke, Shackelford & Fox, Kansas City, Mo., for plaintiffs.

Rogers, Field & Gentry, Kansas City, Mo., for defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

BECKER, Chief Judge.

This cause was originally filed by Victor Couch, alleged to be a resident of Missouri, in the Circuit Court of Missouri, Sixteenth Judicial Circuit (hereinafter referred to as the Jackson County Circuit Court), against White Motor Company, a foreign corporation authorized to do business in Missouri, as the sole party-defendant. It alleged causes of action for personal injuries suffered by him as a result of defendant's breach of implied warranty and negligence in the repair of a ready-mix cement truck and prayed for damages in the sum of $10,000.00.

Plaintiff, with leave of the Jackson County Circuit Court, filed a first amended petition alleging the same causes of action and the same prayer contained in the original petition. A second amended petition was then filed in the Circuit Court which added as Count II the claim of plaintiff's wife for loss of services and which is allowed under Rule 66.01(c) of the Missouri Rules of Civil Procedure, V.A.M.R. With the addition of Count II, the amount alleged to be in controversy was $20,000.00. Thereafter, plaintiffs, with leave of court, filed a third amended petition which added Clarence F. O'Neill as a party-defendant and alleged damages in the sum of $175,000.00.

Defendants then filed a petition for removal to this Court stating that the requisite jurisdictional amount was present; that the defendant White Motor Company was a corporation organized under the laws of the State of Ohio; and that plaintiffs' addition of O'Neill, a citizen of Missouri, as a party-defendant was a "nullity" because he was not properly added as a party-defendant when the third amended petition was filed in the Jackson County Circuit Court.

Defendants also filed a joint and separate motion to strike O'Neill as a party-defendant or in the alternative to dismiss as to him or render summary judgment

for him. In support of this motion, defendants state that no motion to add O'Neill was filed in the state court and no order was obtained adding him as a party-defendant as required under Rule 52.06(b), Missouri Rules of Civil Procedure; that the third amended petition fails to state a claim upon which relief can be granted against O'Neill because "[u]nder Missouri law, a servant is only jointly liable with his corporate master for acts of misfeasance and not for acts of nonfeasance"; and that the addition of O'Neill was merely an attempt to defeat federal diversity jurisdiction.

Plaintiffs did not answer defendants' joint and separate motion but did file a motion to remand contending that because they were citizens of the State of Missouri as is defendant O'Neill, there is no diversity of citizenship present and, therefore, this Court has no jurisdiction. In their suggestions in support of the motion to remand, plaintiffs state the following:

"On May 17, 196[8], plaintiffs amended their petition to add Clarence F. O'Neill as an additional defendant in this cause. A summons was duly issued by the Clerk of the Jackson County Circuit Court on that date and Mr. O'Neill was subsequently served with said process on May 21, 1968, in St. Louis, Missouri. It is obvious that at the time the defendants filed their Petition for Removal on May 27, 1968, there was no complete diversity of citizenship between all parties, and federal jurisdiction therefore cannot attach."

After examining the file in this cause prior to final judgment, it appears that this cause was improvidently removed, that this Court is without jurisdiction on the asserted ground of diversity of citizenship, and that this cause should be remanded to the Jackson County Circuit Court under Section 1447(c), Title 28, U.S.C.

■ A petition for removal under Section 1446 of Title 28, U.S.C., must contain averments of fact showing remov-ability. 1A Moore, Federal Practice, ¶ 0.168[3.–4]. Treating defendants' petition for removal as being based on either Section 1441(a) or (c) of Title 28, U.S.C., it is found that the petition is defective.

■ In determining the question of jurisdiction of a federal district court to entertain an action removed from a state court on the ground of diversity of citizenship, the statutes providing for removal on this basis are given strict construction in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L. Ed. 1214; Young Spring & Wire Corp. v. American Guarantee & Liability Ins. Co., (W.D.Mo., 1963) 220 F.Supp. 222, l. c. 228. This policy of strict construction of removal statutes is based on several good reasons. If removal is permitted in a doubtful case and the removing defendant suffers an adverse judgment, he may attack the propriety of removal in the first instance on appeal and secure a reversal for lack of jurisdiction of the federal district court. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702; 1A Moore, Federal Practice, ¶ 0.157[1–3]. Moreover, a Court of Appeals on its own initiative may raise the question of lack of jurisdiction and reverse the judgment because removal was not justified. Colorado Life Co. v. Steele (C.A. 8, 1938) 95 F.2d 535; Cf., Ringsby Truck Lines, Inc. v. Beardsley, (C.A. 8, 1964) 331 F.2d 14. Another consideration is the trend of Congress toward restricting diversity jurisdiction of the federal courts. This is apparent from the amendments raising the jurisdictional amount from $3,000.00 to $10,000.00 in diversity cases. Section 1332(a), Title 28, U.S.C., as amended in 1958. Another consideration which is still operative is the "concept that the rightful independence and sovereignty of state governments require that the Federal Courts scrupulously confine their own jurisdiction within the precise limits which the statute has defined. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214." Young Spring &

Wire Corp. v. American Guarantee & Liability Ins. Co., supra.

From the face of the third amended complaint, it is apparent that the required diversity of citizenship between all plaintiffs and all defendants needed for removal under Section 1441(a) is absent. Plaintiffs state and defendants admit that defendant O'Neill, a Missouri citizen, was served with a summons which was issued by the Clerk of the Jackson County Circuit Court with a copy of the third amended petition attached thereto.

Defendants contend that the addition of O'Neill as a party-defendant in the third amended petition is a "nullity" because his addition was not perfected by motion under Rule 52.06(b), V.A.M.R. However, if the present action was commenced under Rule 53.01, V.A.M.R., with the filing of the third amended petition and the suing out of process, then the defacto joinder of O'Neill may be remedied as it was effected under colorable right with the Clerk's service.

■■ Defendants state that no claim for relief has been stated against O'Neill and that his joinder was directed toward defeating diversity jurisdiction. In this regard, the distinction between improper and fraudulent joinder is important. The interpretation of Section 1441, Title 28, U.S.C., does not allow removal on the basis of improper joinder. McLeod v. Cities Service Gas Company, (C.A. 10, 1956) 233 F.2d 242; Viles v. Sharp, (W. D.Mo., 1965) 248 F.Supp. 271; 1A Moore, Federal Practice ¶ 0.161[2]. On the other hand, fraudulent joinder may allow removal if it is pleaded with particularity and proven with certainty and it cannot be inferred from a misjoinder of causes of action or parties. McLeod v. Cities Service Gas Company, supra; Viles v. Sharp, supra.

■ Considering defendants' petition for removal liberally, they have neither pleaded with particularity nor proven with certainty the presence of fraud in the joinder of O'Neill. At most, their removal is based on the allegation that

the procedural law of Missouri was not followed in joining O'Neill. This allegation is insufficient to confer jurisdiction upon this Court. The charge is not lack of good faith or fraud but of a technical defect remediable in the state court. McLeod v. Cities Service Gas Company, supra; Viles v. Sharp, supra; 1A Moore, Federal Practice ¶ 0.161[2] p. 533 note 11.

Rule 52.06(a) of the Missouri Rules of Civil Procedure provides that misjoinder of parties is not a ground for dismissal and that parties may be added or dropped by order of court. The defendants have a remedy in the state courts if they feel that the joinder of O'Neill was improper. Viles v. Sharp, supra. Therefore, the joint motion of defendants to strike, dismiss or grant summary judgment for O'Neill should not be ruled by this Court but should be determined by the state court. Lewis v. Producers Cooperative Oil Mill, (W.D.Mo., 1962) 205 F.Supp. 293, 295.

If the defendants secure an order in the state court eliminating O'Neill as a defendant, rather than a curative order joining him formally as a defendant, the defendant White Motor Company may be able to remove this action under Section 1446(b), Title 28, U.S.C. Wright, Federal Courts § 38, 114–115; but see Moore's Federal Practice ¶ 0.161[2] p. 535 note 19. Because the jurisdiction of this Court in this case is highly questionable at this time and in light of the policy of strict construction in favor of state court jurisdiction as expressed in the *Young Spring & Wire Corp.* case, supra, this cause should be remanded to the state court.

The defendants do not allege the presence of separate and independent claims which might provide this Court with jurisdiction under Section 1441(c), Title 28, U.S.C. On the contrary, the removed petition alleges but one wrong and seeks a single recovery for defendants' concurrent negligence. See, American Fire & Casualty Co. v. Finn, supra; Young Spring & Wire Corp. v. American Guarantee & Life Ins. Co., supra. Further,

the defendants do not contend that this is merely a case involving an irregularity that does not itself defeat removal. 1A Moore's Federal Practice ¶ 0.168[3.–4], 1. c. 1206–1207.

For the foregoing reasons, it is

Ordered that this cause be, and it is hereby, remanded to the Circuit Court of Jackson County, Missouri.