**Jessie Mae GIBSON, Plaintiff,**

v.

**ATLANTIC COAST LINE RAILROAD CO., Defendant.**

**69 Civ. 1201.**

United States District Court
S. D. New York.

May 10, 1969.

———◆———

Nurnberg, Byrne & Klein, New York City, for plaintiff, Joseph A. Byrne, Jr., New York City, of counsel.

Carter, Ledyard & Milburn, New York City, for defendant, James J. Mennis, New York City, of counsel.

METZNER, District Judge.

Plaintiff moves, pursuant to 28 U.S.C. §§ 1446(b) and 1447(c), to remand this action to the Supreme Court of the State of New York.

Plaintiff originally commenced an action in the City Court of the City of New York, seeking recovery of $10,000 with interest and costs. At that point the action was not removable, since the amount in controversy did not exceed $10,000 exclusive of interest and costs. 28 U.S. C. § 1332.

Subsequently, on January 10, 1969, she moved in the Supreme Court to transfer the action to that court, alleging an increase in damages. Attached to the motion papers was an amended complaint. On February 10, the motion was granted. On February 19 the defendant received a proposed order to be entered on the court's decision. The order was signed on March 5. On March 7 a conformed copy of the order, with a copy of the amended complaint, was served on the defendant. On March 25 a petition for removal was filed in the Office of the County Clerk of New York County.

██ This case is governed by the second paragraph of § 1446(b). That paragraph provides that if the case as stated by the initial pleading is not removable, a petition for removal may be filed within 30 days after receipt by the defendant "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Under CPLR § 325, this action could be removed to the Supreme Court from the City Court only upon a finding by the court that the original claim of negligence was the proximate cause of the increase in damages. Furthermore, the time within which to amend the pleading as of course had expired and leave of court had to be obtained for such amendment. CPLR 3025. Thus, the service of the motion papers on January 10, 1969 could not serve as the date from which the 30-day period would be measured. Assuming that the court's opinion which appeared in the Law Journal on February 10, 1969 cannot be used to measure the 30-day period, certainly the service of the proposed order on February 19, 1969 starts the running of the period.

Consequently, the petition for removal filed on March 25, 1969 was late and this motion to remand is granted. So ordered.