**DROST EQUIPMENT, INC., Plaintiff,**

v.

**FORD MOTOR COMPANY, Defendant.**

**Civ. No. 85–126–B.**

United States District Court,
S.D. Iowa, C.D.

March 7, 1985.

David Dixon, Heslinga & Heslinga, Oskaloosa, Iowa, for plaintiff.

Robert F. Holz, Jr. and Steven Nelson, Davis, Hockenberg, Wine, Brown & Koehn, Des Moines, Iowa, for defendant.

## MEMORANDUM OPINION AND ORDER OF REMAND

VIETOR, District Judge.

This case was removed from the Iowa District Court for Mahaska County. The asserted basis for federal court jurisdiction is diversity of citizenship. Plaintiff seeks remand to state court.

The action arises from a commercial transaction between plaintiff, an Iowa citizen, and defendant Ford Motor Company, a citizen of Delaware and Michigan. Plaintiff's state court petition was filed in January 1984 and also named as a defendant William Frederick, an Iowa citizen who is a territory sales manager for Ford. On January 28, 1985, an Iowa district judge granted Frederick's motion for summary judgment and dismissed all claims against him. On January 29 the state court administrator scheduled trial of the case for April 30, 1985. On February 15, Ford Motor Company filed its petition for removal under 28 U.S.C. §§ 1441(a) and 1446(b).[1]

■ It has long been the law under section 1446(b) that for a change in the posture of the litigation to permit removal, it must have been the result of the plaintiff's voluntary act. Removal is permitted, for example, if the plaintiff amends the complaint to allege a greater amount in controversy, *see Gibson v. Atlantic Coast Line Railroad Co.*, 299 F.Supp. 268, 269 (S.D.N.Y.1969), or dismisses claims against the party whose original presence precluded removal, *Warren Brothers Co. v. Community Building Co. of Atlanta, Inc.*, 386 F.Supp. 656, 658–660 (M.D.N.C.1974). However, dismissal of a party whose original presence precluded removal after a directed verdict in his favor, *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 548 (5th Cir. 1967), or upon his successful motion for summary judgment, *Saylor v. General Motors Corp.*, 416 F.Supp. 1173, 1175 (E.D. Ky.1976), is not voluntary as to the plaintiff and does not make the action removable. *See also DeBry v. Transamerica Corp.*, 601 F.2d 480, 486–88 (10th Cir.1979); *Self v. General Motors Corp.*, 588 F.2d 655 (9th Cir.1978); *New England Explosives Corp. v. Maine Ledge Blasting Specialist, Inc.*, 542 F.Supp. 1343, 1347 (D.Me.1982); 1A J. Moore & B. Ringle, *Moore's Federal Practice,* ¶ 0.168 [3.–5–6] (2d ed. 1983); 29 *Fed.Proc.L.Ed.* § 69:86 (1984).

■ Plaintiff did not voluntarily dismiss its claims against Frederick, and therefore the case is not removable to federal court.[2] Plaintiff's application to re-

---

**1.** The pertinent portion of 28 U.S.C. § 1446(b) provides:

> If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

**2.** An action may also be removable from state court despite the presence of a nondiverse or resident defendant if the removing defendant is able to demonstrate that plaintiff fraudulently

joined the nondiverse or resident defendant for the purpose of destroying diversity. An assertion of fraudulent joinder must be alleged with particularity and supported by clear and convincing evidence. *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir.1962), *cert. denied* 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964). That plaintiff is ultimately determined to not have had a cause of action against a defendant does not in itself demonstrate that he was joined in bad faith. *Viles v. Sharp*, 248 F.Supp. 271, 272 (W.D.Mo.1965). Similarly, mere *improper* joinder is not grounds for removal. *Id.* Defendant Ford Motor Company's conclusory statements in its response to plaintiff's applica-

mand must be granted. 28 U.S.C. § 1447(c).

IT IS ORDERED that this case be remanded to the Iowa District Court for Mahaska County, and that defendant pay all costs incurred in connection with the removal and remand.

tion to remand that plaintiff improperly named a nondiverse party as defendant and that plaintiff "had absolutely no grounds for bringing suit against William Frederick" fall far short of alleging a fraudulent joinder, and are unsupported by any factual offering.