Charlene M. HAMILTON, Plaintiff,

v.

The HERTZ CORPORATION, Hertz International, Ltd. (a wholly-owned subsidiary of the Hertz Corporation) and Randolph Evans, Defendants.

No. 85 Civ. 1248 (LFM).

United States District Court, S.D. New York.

May 2, 1985.

Williams & Geiger, P.C., by Norman Williams, Brooklyn, N.Y., for plaintiff.

Moore Berson Liflander & Mewhinney, by Daniel J. Dillon, New York City, for defendants Hertz Intern., Ltd. and The Hertz Corp.

## OPINION

MacMAHON, District Judge.

Plaintiff moves to remand this action to the Supreme Court of the State of New York, New York County ("state court"), pursuant to 28 U.S.C. § 1447(c), on the grounds that there are no federal issues present and defendants' removal papers are defective and imposed for delay. In the alternative, plaintiff seeks to amend her pleadings to include a demand for a jury trial.

This action was originally commenced in state court and removed pursuant to 28 U.S.C. § 1441. Jurisdiction is invoked under 28 U.S.C. §§ 1338, 1441, and the Lanham Trademark Act, 15 U.S.C. § 1121.

Plaintiff brought this action to recover damages for personal injuries allegedly sustained in an accident which occurred while she was riding, as a passenger, in a vehicle rented from defendants Hertz Corporation ("Hertz") and Hertz International, Ltd. ("Int'l"), in Cartagena, Colombia. Defendants were served with a summons and verified complaint on or about December 21, 1982. After it was asserted that the vehicle in which plaintiff was injured was rented from a sublicensee of Hertz's trademark and defendant Hertz claimed it had no control or interest over the sublicensee, plaintiff moved, on February 6, 1985, to amend her complaint to include claims of fraud and breach of contract. The motion to amend was granted on February 14, 1985. On that same day, defendants filed their petition for removal, although the petition and accompanying papers were pre-

dated as early as February 6. The order granting the amendment was served on defendants on February 20, 1985.

## DISCUSSION

Where the initial pleading does not set forth grounds for removal, "a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

■ Generally, defendants' receipt on February 6 of plaintiff's motion papers requesting leave to amend the complaint would give sufficient notice that the case may be removable and the thirty-day period would start to run. However, "the time within which to amend the pleading as of course had expired and leave of court had to be obtained for such amendment. CPLR § 3025. Thus, the service of the motion papers on [February 6, 1985] could not serve as the date from which the thirty day period would be measured." *Gibson v. Atlantic Coast Line R. Co.*, 299 F.Supp. 268, 269 (S.D.N.Y.1969).

Defendants filed the petition for removal on February 14, the same day the motion to amend was granted. Generally, the time period would start to run "after receipt" by defendants of a copy of the order, which occurred on February 20, six days after the filing of the removal petition.

■ However, the receipt of a proposed order is sufficient to start the period running, even though the signed order was received later. *Gibson v. Atlantic Coast Line R. Co., supra*, 299 F.Supp. at 269. The thirty-day period "is not a jurisdictional requisite, but a procedural expedient intended to accomplish expedition in the disposition of causes in which this court has the power to function." *Fisher v. Exico Co.*, 13 F.R.D. 195, 196 (E.D.N.Y.1952).

■ Here, although the filing of the petition for removal may have been premature, the purpose behind the time period was not

thwarted, and we shall consider the petition timely filed. The question for us now is whether this action arises under the Constitution, treaties or laws of the United States and thus was removable, pursuant to 28 U.S.C. § 1441(b), or should be remanded under § 1447(c).

Discussing the tests for removal, the Supreme Court has stated:

> To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. * * * The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. * * * A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto * * * and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal. * * *.

*Gully v. First National Bank in Meridian*, 299 U.S. 109, 112–13, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936).

▪ The removal statutes represent congressionally authorized encroachments by the federal courts into the states' sovereignties. Therefore, the provisions must be "strictly construed," and their established procedure must be rigidly adhered to. *New York v. Muka*, 440 F.Supp. 33, 35 (N.D.N.Y.1977). Any doubts as to federal jurisdiction are to be resolved against removal. *Irving Trust Co. v. Century Export & Import, S.A.*, 464 F.Supp. 1232, 1236 (S.D.N.Y.1979). The grounds for removal must inhere in the plaintiff's claims. *Id.* at 1238.

▪ Unless Congress has stated that the source of plaintiff's relief is solely in federal law, courts are prohibited from looking outside the plaintiff's complaint to determine whether or not a suit arises under federal law. *Hearst Corp. v. Shopping Center Network, Inc.*, 307 F.Supp. 551, 556 (S.D.N.Y.1969). The Lanham Act, however, does not preempt state regulation of trademarks, statutory or common law. *La Chemise LaCoste v. Alligator Co.*, 506 F.2d 339, 346 (3d Cir.1974); *Application of State of New York*, 362 F.Supp. 922, 927–928 (S.D.N.Y.1973). It is proper then to determine whether plaintiff's claim arises under federal law by examining only the amended complaint.

The essence of plaintiff's claim is to recover for her personal injuries, allegedly caused by defendants' negligence. Her second cause of action alleges that the fraudulent use of defendants' trademark induced her into renting the vehicle in which she sustained those injuries. She is not claiming that the use of the trademark itself caused her injuries.

▪ The purpose of the Lanham Act is to ensure the integrity of registered trademarks. *Oberlin v. Marlin American Corp.*, 596 F.2d 1322, 1326 (7th Cir.1979). The likelihood of consumer confusion is crucial in any action alleging trademark infringement or unfair competition under the Lanham Act. *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 658 (2d Cir.1979).

▪ However, simply because a trademark is implicated does not signify that removal jurisdiction is appropriate. *Id.* at 658. Courts have found federal question jurisdiction only if the complaint specifically asserts or claims protection under federal trademark law. *Application of State of New York, supra*, 362 F.Supp. at 927–928; *Cue Pub. Co. v. Colgate Palmolive Co.*, 233 F.Supp. 443, 444 (S.D.N.Y.1964). "Ample experience indicates that, where a state trademark or infringement action is sought to be removed to federal court on the theory that the action could have been predicated on the Lanham Act, federal courts have been unwilling to find a federal question by implication and have remanded to state courts." *La Chemise LaCosta v. Alligator Co., supra*, 506 F.2d at 346 n. 9, and cases cited within.

▪ In her second claim, plaintiff does not seek relief for any trademark infringe-

ment or unfair competition under the Lanham Act, but rather seeks to be compensated for the injuries she received in the vehicle she was induced to rent because of defendants' false representations. This action does not implicate the powers of federal jurisdiction under the Lanham Act merely because a trademark was mentioned in one of the claims.

Accordingly, plaintiff's motion to remand this action to state court is granted. Plaintiff's request for costs is denied.

So ordered.