LGP GEM LTD., Roxrun Estates, Inc. and Isaac Pollack, Plaintiffs,

v.

Herbert S. COHEN, Defendant.

No. 86 Civ. 2537 (RLC).

United States District Court,
S.D. New York.

June 20, 1986.

Mark Lewis Brecker, New York City, for plaintiffs.

Porzio, Bromberg, Newman & Baumeister, New York City, for defendant; Alexander J. Drago, of counsel.

ROBERT L. CARTER, District Judge.

Defendant Herbert Cohen removed this case from New York's Supreme Court on March 26, 1986. He now moves for a more definite statement of the second count of the complaint, pursuant to Rule 12(e), F.R. Civ.P., and to dismiss the third and fourth counts, pursuant to Rules 9(b) and 12(b)(6), F.R.Civ.P. Plaintiffs LGP Gem, Ltd., Rox-

run Estates, Inc. and Isaac Pollack (collectively, "LGP") cross-move to remand the case to the state court.

## BACKGROUND

In 1983, LGP[1] brought suit against Jason Kaplan, Scott-Evans, Inc., Benjamin Feld and "John Doe" in New York Supreme Court ("the 1983 case"). That case arose from the failure of certain real estate transactions between LGP and Kaplan. Feld, a lawyer who apparently helped to negotiate and finalize these transactions, was alleged to have breached various duties to the plaintiff in allowing it to enter those deals. LGP began to weave the procedural web that now entangles it when, in 1985, it initiated a second case in New York Supreme Court against Feld and Herbert S. Cohen ("the 1985 case"). Cohen is another lawyer who had some role in the same real estate deals. As far as we can discern from the monumentally inartful pleadings, the 1985 case arises from exactly the same transactions as the 1983 case. The supreme court concurs in this belief; on March 17, 1986, it issued an opinion in the 1985 case granting Feld's motion pursuant to C.P.L.R. § 3211(a)(4) to dismiss on the ground that another suit based on the "same facts and transactions" was pending against him.[2] See Notice of Motion, Exhibit B. The court did not issue an order dismissing Feld.

Feld is a New York resident. Cohen is a Massachusetts resident. Once Feld was dismissed from the 1985 suit, complete diversity between the parties would exist. On March 27, Cohen removed the 1985 case to this court. On April 1, Feld served copies of a proposed order dismissing him from the 1985 suit. Feld and LGP submitted a stipulation withdrawing the unsigned dismissal order on April 15. No order dismissing Feld from the 1985 suit has yet been entered by the supreme court.

1. Only LGP Gem, Ltd. and Pollack are named as plaintiffs in the 1983 suit.

2. The supreme court also denied LGP's motion to amend its complaint in the 1983 case by adding Herbert S. Cohen as a defendant "without prejudice to renewal in that action upon

## DISCUSSION

Procedural inefficiency is one of the unfortunate byproducts of our federalism. If this case has been properly removed, we must hear it without regard to possible redundancy or waste of judicial resources. Mindful of this inevitable procedural complexity, we turn to the issues in this case.

If diversity of citizenship provides the jurisdictional basis for removal to federal court, the parties must be diverse not only when the petition is filed, but also when the case was first brought. 14A C.Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction* § 3723, at 312 (2d ed. 1985). However, if the parties become diverse because a non-diverse defendant is dismissed from the case—as opposed, say, to a party's change in citizenship—then removal becomes possible under appropriate circumstances. The test to determine whether dismissal of a non-diverse defendant permits removal has been articulated in terms of the plaintiff's volition in obtaining the dismissal. If the plaintiff voluntarily dismissed the action against the non-diverse defendant, the case becomes removable. *Whitcomb v. Smithson*, 175 U.S. 635, 20 S.Ct. 248, 44 L.Ed. 303 (1900). However, if the non-diverse defendant were dismissed from the case on his own motion, against the plaintiff's will, then the case would not be removable. *Id.*

In 1949, Congress amended the judicial code to provide for removal of cases not removable *ab initio*. That amendment, codified at 28 U.S.C. § 1446(b), states that:

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper

proper papers …." LGP did move to amend its complaint in the 1983 case on March 28. That motion has been adjourned pending this court's determination of the instant motion to remand.

from which it may first be ascertained that the case is one which is or has become removable.

This amendment merely provides a timetable for removal of cases that become removable subsequent to the initial pleading; it does nothing to define that class of cases. In *Weems v. Louis Dreyfus Corp.,* 380 F.2d 545 (5th Cir.1967), the Fifth Circuit examined the legislative history of that amendment and concluded that Congress had not altered the prior case law that defined post-pleading removability. *Weems* held that the voluntary-involuntary dismissal rule was still good law. The reasoning of the *Weems* decision, however, indicates that the finality of the dismissal, not the plaintiff's participation in it, is the factor that determines removability. Defendant removed the case to federal district court in the midst of a trial, after a directed verdict had been entered in favor of a non-diverse defendant. The court reversed the district court's denial of a motion to remand, stating that "[t]he dismissal, wholly involuntary to the plaintiff, is not final in the sense that it is appealable in the state courts." *Weems,* 380 F.2d at 548.

This circuit has adopted the *Weems* decision. In *Quinn v. Aetna Life & Casualty Co.,* 616 F.2d 38 (2d Cir.1980) (*per curiam*), the court held that voluntary dismissal of a non-diverse party renders a case removable. The determinative factor in the decision, however, was not that the dismissal was voluntary, but rather that it was final. The non-diverse defendant had been dismissed from the case on its motion for summary judgment. The Court of Appeals upheld the district court's denial of a motion to remand because the plaintiffs had failed to appeal from the dismissal order. This failure to appeal "constituted the functional equivalent of a 'voluntary' dismissal." *Quinn,* 616 F.2d at 40 n.2.

 There has been no order dismissing Feld from the case. Unlike the case in *Quinn,* the plaintiff's statutory time to appeal the dismissal has not even commenced, not to mention elapsed. This failure to issue an order is partly due to plaintiff's action in withdrawing the proposed order by stipulation, a gambit that we consider a legal nullity. Nonetheless, we have no jurisdiction of this case until Feld has been finally dismissed from it.[3]

Plaintiff's cross-motion for remand is granted. Because of this determination, we need not address defendant's various motions. This case is remanded to the New York Supreme Court.

IT IS SO ORDERED.

---

3. Unlike the case in *Hamilton v. The Hertz Corp.,* 607 F.Supp. 1371 (S.D.N.Y.1985) (Sweet, J.), this is not simply an instance of a premature filing that the court may overlook in its discretion. In *Hamilton,* the court clearly would have jurisdiction of the case because the plaintiff sought to amend its complaint to add purported federal causes of action. The fact that the defendant petitioned for removal prior to being served with the order that permitted the plaintiff to amend its complaint had no jurisdictional significance. The jurisdictional defect in *Hamilton* was plaintiff's failure to state a federal cause of action, not defendant's hastiness in removing.