778 F.Supp. 468 (1991)
Roger L. POWER and Laural A. Power, Natural Father and Mother of Larry Scott Power, Deceased, Plaintiffs,
v.
NORFOLK & WESTERN RAILWAY CO., Defendants.
No. 91-1746C(5).
United States District Court, E.D. Missouri, E.D.
December 3, 1991.
Robert W. Bosslet, Morris B. Chapman & Associates Ltd., St. Louis, Mo., Timothy C. Harlan, Russell C. Still, Harlan, Harlan Still & Bill, Columbia, Mo., for plaintiffs.
Dan H. Ball, J. Powell Carman, Thompson & Mitchell, St. Louis, Mo., for Norfolk & Western Ry. Co.

MEMORANDUM
LIMBAUGH, District Judge.
Plaintiffs originally filed this cause of action in the Circuit Court for the City of St. Louis naming John Oliver, Inc. (a Missouri corporation) as one of two defendants. Thereafter, on January 31, 1991, plaintiffs amended their petition replacing John Oliver, Inc. with John Oliver (a Missouri resident). Mr. Oliver filed a motion to dismiss for failure to state a claim. On August 6, 1991 the Circuit Court granted Mr. Oliver's motion and dismissed him from the case. On August 22, 1991 remaining defendant Norfolk & Western Railway Company removed the case to this Court on the grounds of diversity jurisdiction. On September 9, 1991, plaintiffs moved to remand this case to the Circuit Court for the City of St. Louis.
Plaintiffs assert that removal was improper because diversity was created by court order, not by voluntary dismissal of the nondiverse defendant by the plaintiffs. Defendant counters that diversity always existed because plaintiff failed to state a claim against defendant Oliver and that the Circuit Court's order simply verified that fact. Therefore, defendant argues, removal was proper pursuant to 28 U.S.C. § 1446(b) (second paragraph) because notice was filed within thirty days of receipt of the court order.
The Court takes issue with defendant's convoluted argument. This is not a situation wherein "an originally removable case was shown on the face of the petition to be *469 so." Adams v. Lederle Laboratories, 569 F.Supp. 234, 245 (W.D.Mo.1983). There was nothing in the amended petition to clearly denote that diversity existed or that plaintiffs had fraudulently joined defendant Oliver to preclude diversity jurisdiction. Defendant raises the point of fraudulent joinder in conclusory statements, unsupported by factual evidence. The fact that plaintiff was determined to not have had a cause of action against defendant Oliver does not in itself establish fraudulent joinder. Mere improper joinder is not equivalent to fraudulent joinder and thus is not grounds for removal. See Drost v. Ford Motor Co., 605 F.Supp. 94, 95 no. 2 (S.D.Iowa 1985) (citing Viles v. Sharp, 248 F.Supp. 271, 272 (W.D.Mo.1965)). The Court cannot find any case law, nor does defendant cite any to support its contention that diversity can be retroactively established by a court order dismissing a nondiverse defendant. As far as this Court is concerned, the issue here is when does a non-removable case become removable.
Plaintiffs Power contend that an originally non-removable case cannot become removable due to the dismissal of a non-diverse party unless such dismissal is by the voluntary act of the plaintiffs. Defendant contends (as an alternative to its retroactive diversity theory) that the 1949 amendment to 28 U.S.C. § 1446(b), i.e. the second paragraph, eliminates the voluntary/involuntary dismissal distinction and allows removal when a non-diverse party is dismissed by an order relating to the merits of the case.
The Supreme Court developed the standard "voluntary-involuntary" rule for evaluating removability in Powers v. Chesapeake & Ohio Ry., 169 U.S. 92, 99-101, 18 S.Ct. 264, 266-67, 42 L.Ed. 673 (1898). The rule requires that a case remain in state court unless a "voluntary" act by the plaintiff brings about such a change in circumstances that makes the suit removable. Whitcomb v. Smithson, 175 U.S. 635, 20 S.Ct. 248, 44 L.Ed. 303 (1900); Ushman by Ushman v. Sterling Drug, Inc., 681 F.Supp. 1331 (C.D.Ill.1988); Drost Equipment, Inc. v. Ford Motor Co., 605 F.Supp. 94, 95 (S.D.Iowa 1985). The rule provides for a litmus test:
If the dismissal of a defendant in state court creates complete diversity between all parties so that the case may be removed to federal court, the propriety of removal is determined according to whether the dismissal was voluntary or involuntary with respect to the plaintiff. In other words, if the plaintiff voluntarily dismisses the non-diverse defendant, the case may be removed. Removal is improper, however, if the dismissal of that resident defendant was involuntary.
In re Iowa Mfg. Co. of Cedar Rapids, 747 F.2d 462, 463 (8th Cir.1984).
In 1949 the removal provision of 28 U.S.C. § 1446(b) was amended to provide for the first time removal of cases originally not removable on the initial pleading. Amended 28 U.S.C. § 1446(b) provides in pertinent part:
If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.
The 1949 amendment has caused considerable debate as to whether or not it abolished the voluntary-involuntary rule. A majority of courts addressing this issue have concluded that the voluntary-involuntary rule survived the 1949 amendment. In re Iowa Mfg., at 464; Self v. General Motors, Corp., 588 F.2d 655, 658 n. 4 (9th Cir.1978); Weems v. Louis Dreyfus Corp., 380 F.2d 545, 548 (5th Cir.1967); DeBry v. Transamerica Corp., 601 F.2d 480, 488 (10th Cir.1979). The courts have then gone on to distinguish voluntary acts and involuntary acts as affecting removal. Removal has been permitted if the plaintiff amends the complaint to allege the federal jurisdiction amount in controversy, see Gibson v. *470 Atlantic Coast Line Railroad Co., 299 F.Supp. 268 (S.D.N.Y.1969), or plaintiff dismisses claims against a non-diverse defendant, see Warren Bros. Co. v. Community Bldg. Co. of Atlanta, Inc., 386 F.Supp. 656 (M.D.N.C.1974). A mutual settlement between the plaintiff and the non-diverse defendant can make a case ripe for removal. See 28 U.S.C.A. § 1446, Commentary on 1988 Revision, Siegel, David D. However, dismissal of a non-diverse defendant after granting a directed verdict (in his/her favor) or granting a summary judgment motion in favor of the non-diverse defendant (thereby dismissing claims against him/her) is not considered voluntary as to the plaintiff, and therefore, does not make the cause removable. In re Iowa Mfg., supra; Weems, supra; O'Rourke v. Communique Telecommunications, 715 F.Supp. 828, 829 (E.D.Mich.1989); Drost, supra.
Defendant Norfolk & Western attempts to distinguish cases involving summary judgment being granted for the non-diverse defendant from the present case wherein a motion to dismiss for failure to state a claim was granted for defendant Oliver. A distinction on substantive grounds is irrelevant to the inquiry regarding removal. What is pivotal in such an inquiry is whether or not a voluntary act of the plaintiff resulted in the dismissal of the non-diverse defendant. When diversity is created by court order, not by voluntary dismissal of the non-diverse defendant by the plaintiff, removal is improper. O'Rourke, at 828; see also Ushman, supra (state court order granting non-diverse defendant's motion to dismiss on statutory grounds; removal improper).
Plaintiff did not voluntarily dismiss its claims against defendant Oliver, and therefore, the case is not removable to federal court. Plaintiff's motion to remand must be granted. 28 U.S.C. § 1447(c).