CHAMBERS & ASSOCIATES, Plaintiff,

v.

TRANS WORLD AIRLINES and T. F. Casey Trucking, Defendants.

No. 81 Civ. 5486(MP).

United States District Court,
S. D. New York.

March 2, 1982.

Donald J. Cayea, New York City, for plaintiff.

Curtis, Mallet-Prevost, Colt & Mosle, New York City by John Romans, New York City, for defendant.

## DECISION

MILTON POLLACK, District Judge.

Defendant, Trans World Airlines ("TWA") moves for summary judgment, in whole or in part, pursuant to Fed.R.Civ.P. 56(b) in this action against it and another for the loss of a piece of baggage containing a camera taken from the possession of the defendant T. F. Casey Trucking ("Casey") when the latter's truck, carrying the bag from the airport to a midtown hotel, was stolen at an intermediate stop and the bag abstracted therefrom. For the reasons indicated hereafter, the complaint against TWA must be dismissed.

*Facts*

The undisputed facts are as follows.

Mr. Hartley Cannon, an employee of plaintiff, and his film crew, were passengers on a TWA flight from Las Vegas to New York City on April 30, 1980. Before boarding the plane in Las Vegas, Cannon checked as ordinary baggage of undeclared value about 17 to 20 cases of camera equipment that plaintiff had rented from the Filmart Production Services, not a party to this action, together with other luggage containing personal articles. Cannon did not purchase any excess value baggage coverage for the items checked through to New York or even declare the value of that baggage and under the airline tariff became entitled to protection thereof only to the extent of $750 per bag.

All the baggage, including the missing item mentioned hereafter, arrived safely at JFK airport and all of it was placed on the baggage carousel by TWA personnel. Cannon retrieved the checked items, that is, all except one, which were on the carousel but overlooked and left one piece behind.

When he reached his Manhattan hotel, Cannon discovered that he was missing one piece of baggage containing a camera and he telephoned to the airport and spoke to a TWA service agent to find out if the case was there. The TWA agent checked and told Cannon that the missing case was still there. Cannon then requested TWA to turn the case over to a trucking delivery service with instructions to deliver the baggage to Cannon's hotel in midtown New York. Cannon was told that since the bag had duly arrived and was available to Cannon to have been picked up with the rest of his baggage, TWA would not pay the cost of delivery to the hotel; that this would be at Cannon's expense; and Cannon agreed.

TWA arranged for delivery of the case by defendant T. F. Casey Trucking ("Casey") an accredited delivery service located at the JFK Airport. A three part form, called a baggage delivery order, was used. TWA kept one part and Casey kept the other two, one of which was to have been signed by Cannon upon his receipt of the delivered goods. The price payable for the delivery was $10 C.O.D.

En route to Manhattan, the Casey driver made a delivery stop in Queens. While he was there, his truck was stolen. The truck was later recovered but Cannon's case had been abstracted therefrom and was never recovered.

Plaintiff now claims that the case contained $40,137 of camera equipment. Cannon testified at his deposition, however, that no record or packing list had been kept of what equipment was in any of the 17 to 20 cases.

TWA denied liability and asserted as an affirmative defense that under the applicable tariff for loss of baggage of undeclared value TWA's liability is in any event limited to $750; further, that plaintiff failed to give TWA notice of its loss within 45 days of the occurrence of the loss as it was required to do by the applicable tariff filed by TWA with the Civil Aeronautics Board; and that there cannot be and there is no proof available that TWA was guilty of the requisite standard of liability under all the circumstances, namely, gross negligence on the part of TWA.

After TWA moved herein for summary judgment, the plaintiff made a cross-motion to strike as insufficient in law, TWA's second affirmative defense, namely, that TWA's liability is limited at all events to $750 under the applicable tariff for lost baggage of undeclared and unpaid excess value.

*The applicable law*

It is well-established that valid tariffs filed with the Civil Aeronautics Board govern the rights and liabilities between airlines and their domestic passengers. *See North American Phillips Corp. v. Emery Air Freight Corp.*, 579 F.2d 229, 233 (2d Cir. 1978):

[I]t is clear that a carrier's valid federal tariffs which are applicable to the shipment at issue govern not only the nature and extent of liability, but also the nature and extent of the shipper's right of recovery.

*See also Tishman & Lipp, Inc. v. Delta Air Lines,* 413 F.2d 1401, 1403 (2d Cir. 1969) ("Tariffs filed with the Civil Aeronautics Board if valid, are conclusive and exclusive, and the rights and liabilities between airlines and their passengers are governed thereby.")

■ Interpretation of the relevant tariffs involves only questions of law and is thus an appropriate undertaking on a summary judgment motion. *Cf. Upton v. Iran National Airlines Corp.,* 450 F.Supp. 176 (S.D. N.Y.1978), *aff'd* 603 F.2d 215 (2d Cir. 1979) (interpreting the scope of coverage of the strict liability provision of the Warsaw Convention on a summary judgment motion).

The relevant tariff here regarding limitation of TWA's liability, Local and Joint Passenger Rules Tariff No. PR–7, 230(A)(4), reads:

Liability, if any, for the loss, damage, or delay in delivery of a fare-paying passenger's baggage or other property (whether checked or otherwise delivered into the custody of the carrier), shall be limited to an amount equal to the value of the property plus any consequential damages which are the result of the carrier's mishandling, and which in total shall not exceed the maximum limitation of $750.00 for each fare-paying passenger (unless passenger elects to pay for higher liability as provided for in paragraph (C) below). These limitations also shall apply to baggage or personal property accepted by the carrier for temporary storage at a city or airport ticket office or elsewhere before or after the passenger's trip.
EXCEPTION: The foregoing monetary limitation shall be waived for an individual claimant where it can be shown that with respect to his claim that TW failed to provide notice of limited liability for baggage in accordance with the provisions of Section 221.176 of Part 221 of the Civil Aeronautics Board's Economic Regulations.

*TWA's Liability for the Loss of the Camera Case, if Any, Is Limited to $750*

Plaintiff seeks to avoid the application of Local and Joint Passenger Rules Tariff No. PR–7, 230(A)(4) by claiming that the fare contract had ended and a new relationship between plaintiff and TWA was created after the plane trip had ended and TWA agreed to turn the baggage over to a delivery service, delivery at plaintiff's expense; and that that relationship was not one incidental to flight passage or in furtherance of air transport. Therefore, plaintiff argues, the tariff cannot apply to protect the carrier in this situation.

Plaintiff's argument fails in the light of the words of the tariff. It says:

These limitations also shall apply to baggage or personal property accepted by the carrier for temporary storage at a city or airport ticket office *or elsewhere* before or *after the passenger's trip.* (Emphasis added).

■ This Court interprets these words to include exactly the sort of situation here, i.e. where the carrier continues to take charge of the baggage even after the flight has ended and the owner of the baggage has left the airport. Such an interpretation is in accord with the purpose of such tariffs—to protect the carrier from limitless and potentially ruinous liability.

■ Further, the Court finds plaintiff's argument that a new contract had been entered into unconvincing as a matter of law. No new consideration supported defendant TWA's promise to follow Cannon's instruction to hand the baggage over to a delivery service addressed to Cannon at his hotel. TWA performed this service expressly as a courtesy to its customer and would have no reason to perform such service other than that the passenger had traveled on TWA. TWA is not in the land transport business.

The cases cited by plaintiff in support of its position, *Evangelinos v. Trans World Airlines, Inc.,* 550 F.2d 152 (3rd Cir. 1977) (en banc), and *Upton v. Iran National Airlines Corp.,* 450 F.Supp. 176 (S.D.N.Y.1978), *aff'd* 603 F.2d 215 (2d Cir. 1979) are inapposite as they deal with the interpretation of Article 17 of the Warsaw Convention, which

provides for an airline's strict liability up to $75,000 for personal injury or death. The Warsaw Convention does not apply to this case and the wording of Article 17 is not in any sense similar to that of the tariff involved here. It might also be pointed out that the Court in *Evangelinos, supra,* in any event, employed an expansive interpretation of Article 17's coverage to include the situation where passengers were lining up to be searched before boarding the plane.

*The Remainder of Plaintiff's Claim against Defendant TWA Must be Dismissed*

■ This Court therefore finds that Local and Joint Passenger Rules Tariff No. PR–7, 230(A)(4) applies to limit TWA's liability to $750 for the lost case of camera equipment. This finding—as plaintiff's counsel conceded on the argument of the motions—deprives the Court of diversity jurisdiction in this case as against TWA pursuant to 28 U.S.C. § 1332, as plaintiff cannot, to a legal certainty, recover more than $10,000 which is the requisite amount in controversy for such jurisdiction. *See, e.g., Kavit v. A. L. Stamm & Co.,* 491 F.2d 1176, 1179 n.3 (2d Cir. 1974). It is not necessary then to reach the other grounds advanced by plaintiff in support of its motion; however, the Court would point out that the undisputed facts do not demonstrate any fault on the part of TWA. As a courtesy to a customer that had forgotten his baggage, TWA arranged to have a company regularly engaged in the business of delivering the goods to bring the forgotten case to the passenger at his hotel in Manhattan at the passenger's expense. The facts as presented do not indicate that Cannon at any time informed TWA of the alleged value of the equipment in the case, and it is clear that he did not declare or pay the extra charge for increased coverage at the inception of the flight. In the words of the Court in *Tishman & Lipp, Inc. v. Delta Air Lines Corp., supra* 413 F.2d at 1407:

> The result is not inequitable, for [claimant], by failing to put the air carrier on notice of the nature of the baggage contents not only took advantage of the lower air freight rate, as was his custom, but deprived the carrier of the opportunity to take the extra precautions the safety of such valuable cargo required, preferring to rely on his own ability to keep an eye out for the baggage as it left for the plane. It is only just that the loss should fall on the one who with knowledge of the value involved, chose to take the chance.

*Conclusion*

Defendant's motion for partial summary judgment is granted limiting TWA's liability herein at all events to $750 and the cross-motion to strike the affirmative defense asserting the tariff providing for such limit of liability, is denied. The remainder of the complaint against defendant TWA is dismissed, with costs, for want of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) as plaintiff cannot to a legal certainty recover the amount which is requisite for diversity jurisdiction under 28 U.S.C. § 1332.

SO ORDERED.