**NIPPON FIRE & MARINE INSURANCE CO., LTD.,**
Plaintiff,

v.

**HOLMES TRANSPORTATION, INC.**
and Troiano Express Co., Inc.,
Defendants.

No. 84 Civ. 6152 (MP).

United States District Court,
S.D. New York.

Aug. 23, 1985.

Donovan, Maloof, Walsh & Kennedy by James J. Ruddy, New York City, for plaintiff.

Burns Summit Rovins & Feldesman by Stephen J. King, New York City, for defendant Holmes Transp., Inc.

Lustig, Spinner & Bronstein by Richard M. Bronstein, Deer Park, N.Y., for defendant Troiano Exp. Co.

## DECISION AND OPINION

MILTON POLLACK, Senior District Judge.

The issues herein were presented at a Bench trial. Jurisdiction is posited on the Interstate Commerce Act, 49 U.S.C. § 11707, and 28 U.S.C. §§ 1332 and 1337.

### Nature of the Case

Plaintiff, Nippon Fire & Marine Insurance Company ("Nippon"), as subrogee of International Business Machines ("IBM"), sues defendants, Holmes Transportation, Inc. ("Holmes") and Troiano Express Company ("Troiano"), to recover $276,590.69 for the non-delivery of one of six cases of data processing equipment shipped from Vermont to New York. The complaint alleges claims sounding in breach of bailment, negligence, and conversion.

Both defendants contend that their liability is limited to $5.00 per pound based on the released value designation made by the shipper, IBM, on its shipping order. Since the missing case weighed 33 pounds, the defendants maintain that their liability is limited to $165.00.

Nippon takes the position that the liability limitation contained on the shipping order is ineffective on the ground that the defendants' failure to account for the missing case constitutes a conversion and the limitation is thereby negated.

Pursuant to this Court's Order, the issue of whether the liability limitation is effective has been severed and tried separately.

### Stipulated Facts and Documents

On February 10, 1983, at Essex Junction, Vermont, IBM delivered six cases of data processing material to Holmes, a common carrier regulated by the Interstate Commerce Commission, for transportation to IBM's consignee, Kuehne & Nagel, Inc., at Inwood, New York, pursuant to IBM's shipping order which stated that:

"The agreed or declared value of the property is hereby stated by the shipper to be not exceeding $5.00 per pound."

There is no evidence that a request was made by the shipper to the carrier for coverage of any value different from or in excess of the limitation of liability under the applicable tariff (Coordinated Freight Classification NEB 100 Item 27900 S3). The highest declared valuation allowed by the tariff for this commodity was $5.00 per pound.

On February 11, 1983, at Carlstadt, New Jersey, Troiano, also a common carrier regulated by the ICC, signed for all six cases without noting any exceptions and was to deliver the shipment to the consignee at Inwood. Troiano was engaged by Holmes.

On February 16, 1983, in the course of making deliveries to 36 consignees of shipments originating from Holmes, Troiano delivered only five of the six cases consigned to Kuehne & Nagel at Inwood. Carton BU 619315, consigned to Kuehne & Nagel, weighing 33 pounds, was never delivered to them. Troiano cannot account for the loss of carton BU 619315. Troiano's president testified that Troiano had made inquiries of each consignee to whom shipments were delivered for the missing carton, but the inquiries were fruitless. It was his opinion that the extra carton had been misdelivered to one of the other consignees.

### Discussion

■ There is no proof of an actual conversion of the carton by either defendant for its own use. Absent affirmative proof of such conversion, the rule of law is that plaintiff's recovery is limited to the agreed release value of the carton, $165.00. As this Court held in *Tishman & Lipp, Inc. v. Delta Airlines*, 275 F.Supp. 471, 481 (S.D. N.Y.1967), *aff'd*, 413 F.2d 1401 (2d Cir. 1969), in order to recover against a carrier, the plaintiff must present "evidence of conversion by the defendant itself for its own use."

"In order to relieve defendant of its tariff protection, it is necessary for the plaintiff to prove more than a mere technical conversion which has amounted perhaps to no more than negligence. Even gross negligence or proof that an employee of the defendant actually stole the

jewelry would not suffice to render the tariff inapplicable." *Id.* at 480. *See also Glickfeld v. Howard Van Lines*, 213 F.2d 723, 727 (9th Cir. 1954); *Neal v. Republic Airlines, Inc.*, 605 F.Supp. 1145, 1149 n. 3 (N.D.Ill.1985); *Progress Jewelry Co. v. Northwest Orient Airlines, Inc.*, 300 F.Supp. 335, 338 (S.D.N.Y.1969).

In this case, neither IBM nor Nippon requested or paid for insurance from the carrier in excess of the declared value, which is also the amount of liability fixed in the tariff. Instead, IBM turned to Nippon for insurance of the alleged actual, but undeclared, value of the shipment. (It has collected that insurance from Nippon and has assigned its claim against defendants to Nippon, which sues herein as a subrogee.) In fact, "the facts as presented do not indicate" that IBM at any time informed defendants "of the alleged value of the equipment in the case." *Chambers & Associates v. Trans World Airlines*, 533 F.Supp. 426, 429 (S.D.N.Y.1982).

The plaintiff contends that it is incumbent on defendants to establish what happened to the missing carton. It argues that when cargo disappears while in the exclusive care and custody of an interstate trucker who can offer no explanation for the loss of it, the carrier should be deemed to have converted the cargo and any limitation of liability is voided. Under New York law, while the burden of proof of conversion rests on the plaintiff, the plaintiff establishes a prima facie case of conversion by a presumption flowing from proof of delivery of the property to the bailee and the bailee's failure to make delivery to the consignee. The defendant, under that state's rule, then has the burden of coming "forward with evidence sufficient to prove that its failure to return the property is not the result of conversion of that property to its own use." *I.C.C. Metals, Inc. v. Municipal Warehouse Co.*, 50 N.Y.2d 657, 409 N.E.2d 849, 431 N.Y.S.2d 372, 374 (1980).

■ However, as plaintiff concedes, this suit is based on a federally created claim and consequently federal doctrine,

not state principles, control. Federal courts do not presume a conversion, voiding the limitation of liability, to have occurred merely from a non-delivery. The scope of proof required from the plaintiff and the presumptions used to void a tariff limitation under New York principles are neither applicable nor controlling under the federal statutory scheme. When Congress enacted the Motor Carriers Act of 1980, it "relaxed regulatory requirements for the establishment of released rates by motor carriers of property other than household goods and rail carriers," *Shippers Nat'l Freight Claim Council v. ICC*, 712 F.2d 740, 742 (2d Cir.1983). *See* H.R.Rep. No. 96–1069, 96th Cong., 2d Sess. 25, *reprinted in* 1980 U.S.Code Cong. & Ad.News 2283, 2307–08 ("Release rates, in effect, allow the shipper to pay a lesser price for hauling the goods and a separate agreed-upon price for whatever amount of insurance the shipper desires").

Established precedent and a need for *stare decisis* are important in areas of commerce. *Cf. North American Phillips Corp. v. Emery Air Freight Corp.*, 579 F.2d 229, 232 (2d Cir.1978) ("Limitations of liability and cargo valuations are inherent parts of the rates, and the statutory mandate of uniformity must therefore apply to the liability which attend the carriage of goods"). The claim to the type of presumption, which plaintiff seeks to have drawn to void a limitation of liability, has been rejected in analogous cases by the federal courts. *See Western Mining Corp., Ltd. v. Standard Terminals*, 577 F.Supp. 847 (W.D.Pa.1984); *Refrigeration Sales Co. v. Mitchell-Jackson, Inc.*, 575 F.Supp. 971 n. 5 (N.D.Ill.1983); *Adams v. Ryan & Christie Storage, Inc.*, 563 F.Supp. 409 (E.D.Pa.), *aff'd*, 725 F.2d 666 (3d Cir.1983); *Inland Metals Refining v. Ceres Marine Terminals*, 557 F.Supp. 344 (N.D.Ill.1983).

■ Plaintiff disclaims any challenge to the reasonableness of the tariff which appears to be reasonable "under the circumstances surrounding the transportation." 49 U.S.C. § 10730. Consequently, as the Court in *Glickfeld* said, "The shipper got

what he bargained for, and the carrier got what it was entitled to under the statute." *Glickfeld*, 213 F.2d at 723. The plaintiff, therefore, may recover only the amount stipulated and declared by IBM as "the agreed or declared value of the property," to which Holmes agreed.

Accordingly, the liability limitation is held to be applicable to the claim asserted. The case will proceed on the remaining issues of whether defendants are liable for the damages as limited unless within three (3) days the parties have notified the Court that they have arrived at a stipulation thereon.

The foregoing shall constitute the findings of fact and conclusions of law pursuant to Rule 52(a), Federal Rules of Civil Procedure.

SO ORDERED.