■ EASTMAN KODAK COMPANY, Appellant, v JOHNSON MOTOR LINES, INC., Respondent and Third-Party Plaintiff. TRANE COMPANY, Third-Party Defendant-Respondent. (Appeal No. 1.) —Order and judgment unanimously affirmed with costs. Memorandum: Plaintiff appeals from a judgment in favor of defendant based upon a jury finding that plaintiff did not establish that certain merchandise was in good condition at the time it

was delivered. Plaintiff contracted with defendant, a common carrier, for transportation of photographic products from Rochester, New York to Chamblee, Georgia. Plaintiff loaded and sealed the goods on a trailer and drove the trailer to a truck marshaling area where it was later picked up by the defendant and taken to defendant's terminal yard. The goods were destroyed by a fire a few hours later.

The liability of a common carrier for damage to goods transported interstate is governed by Federal law (49 USC § 11707; *Adams Express Co. v Croninger*, 226 US 491, 504-506). A shipper has the initial burden of establishing that the goods were delivered to the carrier in good condition *(Missouri Pac. R. R. Co. v Elmore & Stahl*, 377 US 134, 137-139). No Kodak employee was able to substantiate that he had actually loaded the goods in question and the people Kodak alleged had actually loaded the trailer could not identify the loading documents as being their own records. Also, there was testimony that other Kodak employees may have had access to the trailer during the loading process. Although plaintiff undoubtedly did not deliver fire-damaged goods to defendant *(cf. Brockway-Smith Co. v Boston & Me. Corp.*, 497 F Supp 814), if the goods loaded onto defendant's trailer had been damaged in some other manner, the fact that the cargo subsequently burned would not preclude a jury from finding that plaintiff failed to establish that all of the loaded products were in good condition at the time they were delivered to the defendant *(see, Ed Miniat, Inc. v Baltimore & Ohio R. R. Co.*, 587 F2d 1277; *Standard Brands Chem. Indus. v Pilot Frgt. Carriers*, 65 Misc 2d 1029). Hence, we cannot say that the verdict is unsupported by any fair interpretation of the evidence *(see,* CPLR 4404 [a]; *Tripoli v Tripoli*, 83 AD2d 764, *affd* 56 NY2d 684; *Boyle v Gretch*, 57 AD2d 1047, 1048). We have considered the remaining claims and find that none requires reversal. (Appeal from order and judgment of Supreme Court, Monroe County, Mastrella, J.—breach of contract, common carrier.) Present—Doerr, J. P., Denman, Green, Pine and Lawton, JJ.