ANGELA CUMMINGS, INC., Plaintiff,

v.

PUROLATOR COURIER CORP., Defendant.

86 CIV. 2898 (SWK).

United States District Court,
S.D. New York.

July 20, 1987.

Schindel, Cooper & Farman, New York City by Ira S. Lipsius, for plaintiff.

Cole & Deitz, New York City by James J. Terry, for defendant.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

This action is before the court on plaintiff's motion to remand, or in the alternative, both plaintiff's and defendant's motions for summary judgment. Plaintiff, Angela Cummings, Inc., a New York corporation with its principal place of business in the State of New York, commenced this action against defendant, Purolator Courier Corp., a New York corporation with its principal place of business in the State of New Jersey, for breach of the bill of lading, failure to deliver plaintiff's goods, conversion of plaintiff's property, and punitive damages. Plaintiff commenced this action in the Supreme Court of the State of New York, County of New York. Defendant then removed this action to federal court pursuant to 28 U.S.C. § 1441(b). Defendant argues that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337.

### I. *Removal to federal court.*

■ As a general rule, a nondiversity action cannot be removed to federal court if no federal question exists on the face of the complaint. *See, e.g., Ferro v. Ass'n of Catholic Schools,* 623 F.Supp. 1161 (S.D.N.Y.1985); *Hamilton v. Hertz Corp.,* 607 F.Supp. 1371 (S.D.N.Y.1985); *Cuomo v. Long Island Lighting Co.,* 589 F.Supp. 1387 (E.D.N.Y.1984). The plaintiff is generally the master of its own complaint and thus entitled to decide what law to rely on. *See North American Philips Corp. v. Emery Air Freight Corp.,* 579 F.2d 229 (2d Cir.1978). In this case, plaintiff's claim is one for breach of contract, conversion, and punitive damages, all of which are traditionally within the domain of state law. Defendant removed this case to federal court claiming that this action arises under both federal statutory and common law.

■ Plaintiff argues that this court still lacks subject matter jurisdiction since jurisdiction must be based on plaintiff's complaint rather than on defendant's possible defenses. *See Louisville & Nashville R.R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). This, however, does not mean that plaintiff can always restrict its complaint to a state-law theory and then proceed in state court without fear of removal to federal court. A suit may be removed to federal court where the plaintiff inadvertently, mistakenly or fraudulently conceals a federal question that would have necessarily appeared in a well pleaded complaint. *Aledide v. Barr,* 607 F.Supp. 281 (S.D.N.Y.1985). *See also Gully v. First Nat. Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Therefore, plaintiff may not defeat removal by disguising a federal question as a state cause of action.

### A. *Jurisdiction based on federal statute.*

Defendant argues that plaintiff's claim is for deceptive practices by an air carrier, and is thus one "arising under the ... laws ... of the United States," 28 U.S.C. § 1331,

namely the Federal Aviation Act, 49 U.S.C. § 1301 *et seq.* (the "FAA"). Section 411 of the FAA, 49 U.S.C. § 1381, empowers the federal government to prohibit unfair or deceptive practices by air carriers. However, section 411 does not create a private right of action. *Sanders v. Air India,* 454 F.Supp. 1371, 1378 (S.D.N.Y.1978). *See Nader v. Alleghany Airlines, Inc.,* 426 U.S. 290, 302, 96 S.Ct. 1978, 1986, 48 L.Ed.2d 643 (1976).

■ A federal statute that does not create or imply private rights of action does not present a federal question pursuant to 28 U.S.C. § 1331 on behalf of private individuals. *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* —— U.S. ——, 106 S.Ct. 3229, 3234, 92 L.Ed.2d 650 (1986). ("A complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.' 28 U.S.C. § 1331". *Id.* at 3237.)

B. *Jurisdiction based on federal common law.*

■ Defendant also contends that federal common law governs the loss of goods during interstate air transportation. With respect to federal law, the Second Circuit Court of Appeals stated that "Congress has created a broad, comprehensive scheme covering the interstate shipment of freight, aimed at preventing preferential treatment among shippers and establishing national equality of rates and services. This has occupied the field to the exclusion of state law." *Phillips,* 579 F.2d at 233–34.

Prior to the Airline Deregulation Act of 1978, 49 U.S.C. § 1551, this Circuit applied federal common law to air carrier liability because "the liability of air carriers is not created by statute as is the case with surface carriers." *Id.* Federal common law stated that "both the rights and liabilities as between an airline and a shipper are determined by the shipper's valid tariffs." *Id. See, e.g. Tishman & Lipp, Inc. v. Delta Air Lines,* 413 F.2d 1401, 1403 (2d Cir.1969). "[I]t is clear that a carrier's valid tariffs which are applicable to the shipment at issue govern not only the nature and extent of its liability, but also the nature and extent of the shipper's right of recovery." *Phillips,* 579 F.2d at 233.

The validity of *Phillips* has not been undermined, as plaintiff argues, by the passage of the Airline Deregulation Act. Deregulation has not eliminated federal common law regarding limitations of interstate air carrier liability. *First Penn.,* 731 F.2d at 1122. *Uniden Corporation of America v. Federal Express Corp.,* 642 F.Supp. 263, (M.D.Pa.1986), *Apartment Specialists, Inc. v. Purolator Courier Corp.,* 628 F.Supp. 55, 57 (D.D.C.1986), *Deiro v. American Airlines, Inc.,* 816 F.2d 1360, 1365 (9th Cir.1987). As the Eighth Circuit Court of Appeals stated:

> The purpose of deregulation was to allow competition and the marketplace to determine rates and practices in the air transportation industry. *See* 49 U.S.C. § 1302(4) (1982). Congress, however, has not relinquished complete control over air transportation ... Given Congress' retention of significant control over air transportation, we hold that federal common law governs [the air carrier's] liability.

*Arkwright-Boston Mfrs v. Great Western Airlines,* 767 F.2d 425, 427 (1985). Defendant's conduct is thereby governed by federal common law, which, pursuant to § 1331, confers original jurisdiction upon this court. *Illinois v. City of Milwaukee,* 406 U.S. 91, 100, 92 S.Ct. 1385, 1391, 31 L.Ed.2d 712 (1972).

II. *Summary judgment.*

This court has jurisdiction over this case through the application of federal common law and thus must now address plaintiff's and defendant's cross-motions for summary judgment. Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of

law." Fed.R.Civ.P. 56(c). The Court's role is to determine whether there are issues to be tried. *Heyman v. Commerce & Industry Ins. Co.*, 524 F.2d 1317, 1319–20 (2d Cir.1975). The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The nonmoving party has the burden of coming forth with "specific facts showing that there is a genuine issue for trial". Fed.R.Civ.P. 56(e). Speculation, conclusory allegations, and mere denials are not enough to raise genuine issues of fact.

The undisputed facts are:

1. On October 9, 1985, defendant delivered to plaintiff printed bills of lading. Each bill contained the following language:

(a) Except as stated below (see Articles of Extraordinary Value), Purolator will not accept for shipment any shipment having an actual or declared value of over $25,-000.00.

(b) Shipments containing any article of extraordinary value, as set forth below, are limited to a maximum declared value of $500.00 per shipment.

(c) Articles of extraordinary value include: ... (ii) jewelry, precious stones or furs, including but not limited to watches, rings, precious or semi-precious stones (cut or uncut) including diamonds ...

(d) If a value greater than $250.00 is declared an excess declared value charge will be assessed at the rate of $0.50 per $100.00 of excess declared value.

2. On six bills of lading in the space marked "valuation", in the section marked "Purolator Use Only", plaintiff typed "$25,000".

3. On each bill of lading in the space marked "Contents-Description", plaintiff wrote nothing.

4. On October 10, 1985, defendant's courier guard picked up the six bills of lading and six sealed "Puropack" packages.

5. Defendant's courier guard initialed each bill of lading and pursuant to 1(d) above, calculated the excess value charge for a shipment of $25,000 [$24,750 × 0.0050 = $123.75 per shipment].

6. Defendant has not delivered any of the six packages.

The disputed facts can be resolved based on the parties' submissions. Plaintiff, in its motion for summary judgment, argues that defendant knowingly accepted "articles of extraordinary value" by accepting shipments valued at $25,000, thereby rejecting the bill of lading's $500 limitation of liability for such articles. Defendant, however, states that it regularly transports shipments weighing two pounds or less, which have valuations up to the maximum limit of $25,000, but which do not contain "articles of extraordinary value" as that term is defined in the bills of lading. (Affidavit of John Carrigan, Par. 3) Defendant gives as one example custom-made parts for electronic equipment, which are not "articles of extraordinary value" pursuant to the bills of lading, but which can have an actual or declared value of $25,000. Thus defendant could not know that it was accepting an "article of extraordinary value" based on the declared value of the shipment. Furthermore, the contents of the shipments were never described in the bills of lading and defendant's courier guard stated that "at no time during that pickup was I told anything about the contents of these shipments." (Affidavit of Hugh Murphy, Par. 7) Accordingly, defendant did not knowingly accept "articles of extraordinary value" valued at $25,000 and, thus, it did not reject the bill of lading's $500 limitation of liability for such articles.

Defendant, in its cross-motion for summary judgment, argues that the $500 limitation of liability, found in its Worldwide Directory and bills of lading, governs its liability in this case. The federal common law in this Circuit, as previously stated, is that "a carrier's valid tariffs which are applicable to the shipment at issue govern not only the nature and extent of its liability, but also the nature and extent of the shipper's right of recovery." *Phillips*, 579 F.2d at 233. Thus the bills of lading and, hence, the $500 limitation, govern de-

fendant's liability and plaintiff's right of recovery.

This court concludes that, according to the bills of lading, plaintiff is entitled to $500 per shipment of lost jewelry. Furthermore, plaintiff is also entitled to a return of the excess value charges that it paid to defendant since the declared value of its shipments were not applicable as a result of the $500 limitation on liability. Summary judgment is granted for defendant.

SO ORDERED.