OPINION OF THE COURT
James H. Shaw, Jr., J.
In this action for money damages arising from the loss of art work shipped via defendant United Parcel Service (UPS), defendant moves to dismiss the complaint and for summary judgment; plaintiffs consignees cross-move for summary judgment on the complaint.
On July 16, 1985, Benjamin’s Art Gallery, a nonparty to this action, shipped a parcel of six Erte paintings to plaintiff Art Masters Associates, Ltd. (Art Masters). Benjamin’s, as a regular UPS customer, listed the shipment in its pick-up record book, a bound volume of bills of lading with attached carbons, and declared the value of the parcel as $999.99 pursuant to an annotation on the pick-up record which provided: "Unless a greater value is declared in writing on this receipt, the shipper hereby declares and agrees that the released value of each package or article not enclosed in a package covered by this receipt is $100.00, which is a reasonable value under the circumstances surrounding the transportation.” (This limitation is incorporated into UPS’s tariffs which have been filed with and approved by both the Interstate Commerce Commission [ICC] and the State of New York pursuant to Transportation Law § 170 et seq.) Under UPS’s tariff, the shipper may declare additional value by writing in the desired amount on the pick-up record and paying a charge of 25 cents for each $100 increment of increased value over the initial $100. Thus, the shipper has the option of selecting the desired value for the shipment and adjusting the freight rate accordingly.
, When the parcel was not delivered and UPS was unable to explain its whereabouts, plaintiff commenced this action for the full retail value of the lost paintings rather than the declared value, based upon the theories of negligence and conversion. On its motion for summary judgment, UPS contends that it is entitled to summary judgment as a matter of law, as its liability is limited to the declared value of $999.99 regardless of the theory of recovery. Plaintiffs respond that under New York law a limitation of liability is ineffective in a *890 conversion claim (UCC 7-309) and that conversion is presumed from the nondelivery of bailed property in the absence of an adequate explanation for that failure (I.C.C. Metals v Municipal Warehouse Co., 50 NY2d 657).
The facts are not in dispute in this case; the questions are purely legal ones and may therefore be suitably resolved on a summary judgment motion (CPLR 3212; Winegrad v New York Univ. Med. Center, 64 NY2d 851, 853; Zuckerman v City of New York, 49 NY2d 557, 562).
Considering both motions for summary judgment on the first cause of action, the court notes that defendant UPS does not dispute its loss of the package, but asserts that its liability is limited to the declared value; UPS has in no way rebutted plaintiffs’ proof that the package was sent but never received. As a common carrier, UPS is liable in damages for the nondelivery of consigned items (see, Glickfeld v Howard Van Lines, 213 F2d 723). Summary judgment must therefore be awarded to plaintiffs on their first cause of action as they have stated a prima facie claim of breach of the contract to deliver the paintings and UPS has not raised a question of fact to defeat the motion (Zuckerman v City of New York, supra, at 562; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065). UPS’s own summary judgment motion must be denied as it has failed to establish a prima facie defense to plaintiff’s cause of action (supra, at 1067).
On the second cause of action for conversion, Art Masters argues that State rather than Federal law governs, as the shipment was made intrastate, and that State law renders a carrier’s limitation of liability invalid in a claim for conversion. However, defendant is a common carrier operating under the jurisdiction of the ICC and therefore Federal, rather than State, law controls where the provisions of State law are inconsistent with Federal legislation (49 USC §§ 10521, 11501; Nippon Fire & Mar. Ins. v Holmes Transp., 616 F Supp 610, 612; Lerakoli, Inc. v Pan Am. World Airways, 783 F2d 33, 36 [2d Cir]).
Under the circumstances at bar, Federal law does not presume conversion; "the party asserting a conversion claim has the burden of establishing that the carrier was responsible for the loss due to some willful or intentional conduct on its part” (supra, 783 F2d, at 37). The plaintiffs must therefore prove more than a technical conversion in order to override UPS’s tariff protections and impose liability for the full value *891 of the property (Tishman & Lipp v Delta Airlines, 275 F Supp 471, 480, affd 413 F2d 1401) ”[e]ven gross negligence or proof that an employee of the defendant actually stole [the paintings] would not suffice to render the tariff inapplicable” (supra, 275 F Supp, at 480).
The plaintiffs have not come forward with the required proof of intentional conduct on the part of UPS, and have thereby failed to meet their burden on the summary judgment motion, of establishing a prima facie case of conversion (Friends of Animals v Associated Fur Mfrs., supra, at 1067-1068; Zuckerman v City of New York, supra, at 562). Plaintiff’s cause of action for conversion must therefore be dismissed.
On the question of damages, UPS has submitted copies of the bill of lading from Benjamin’s pick-up record book and of its tariff, as well as the affidavit of an employee. By these proofs, defendant has established the existence of a contractual limitation of liability (see CPLR 3212 [b]; Winegrad v New York Univ. Med. Center, supra, at 853). The validity of such limitations is undisputed where, as here, it conforms with the applicable statutes (49 USC § 10730; Transportation Law § 181) and is incorporated in an approved tariff (Glickfeld v Howard Van Lines, 213 F2d 723, 727, supra; Lerakoli, Inc. v Pan Am. World Airways, 783 F2d 33, 37, supra). Plaintiffs have not disputed that Benjamin’s assigned the shipment a value of $999.99, or that the limitation is validly applied to a claim of negligent loss rather than conversion. The valuation of $999.99 contractually agreed to must therefore stand.
Accordingly, defendant’s motion for summary judgment is granted as to the second cause of action for conversion, and that claim is dismissed. The motion is in all other respects denied. Plaintiffs’ motion for summary judgment is granted as to the first cause of action and damages are fixed in the sum of $999.99.