■ RICHARD A. ALTERI, JR., Doing Business as KEEP IT SIMPLE SOFTWARE, Appellant, v GREYHOUND LINES, INC., Respondent.—Mahoney, P. J. Appeal (1) from an order of the Supreme Court (Walsh, Jr., J.), entered November 21, 1986 in Montgomery County, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

Plaintiff is the proprietor of a small business which sells computers and computer software. Defendant is a common carrier engaged in, *inter alia,* the transport of goods for hire. On September 17, 1985, plaintiff contracted with defendant to transport 2 packages containing computer equipment to a destination in Illinois. The value of the packages is alleged to have been over $8,000, though the declared value as shown on the 2 bus bills was $1,100. Both packages were lost and have not been recovered.

Plaintiff commenced this action sounding in negligence, conversion and breach of bailment relationship seeking to recover the value of the equipment lost. Defendant's answer denied liability and asserted as an affirmative defense that, in any event, its liability was limited by the terms of its tariff filed with the Interstate Commerce Commission. Defendant moved for summary judgment seeking dismissal of the complaint to the extent that it sought damages in excess of the liability limitation in its tariff. The motion was granted and this appeal by plaintiff ensued.

A common carrier's liability relating to interstate transportation of goods is governed by Federal law *(see, Eastman Kodak Co. v Johnson Motor Lines,* 123 AD2d 515, 516). In its

tariff, defendant exercised its Federal statutory right to limit its liability for the loss of goods to $100 for a 2-package shipment unless the shipper declares a greater value at the time of shipment, such greater value not to exceed $1,000. Here, the bus bills, which contain written notice of the above-described limitation, show a declared value of $100 for 1 package and $1,000 for the other. Defendant submitted these and other exhibits in support of its summary judgment motion, thus establishing, prima facie, entitlement to the liability limitation. Plaintiff argues in response that he was not made aware of any limitation on liability and, further, that his employee was told that the amount noted for declared value was simply the maximum available insurance for each package. While such claims, if true, may have merit *(see generally, New York, New Haven & Hartford R. R. Co. v Nothnagle,* 346 US 128, 135; *Mechanical Technology v Ryder Truck Lines,* 776 F2d 1085; *Nippon Fire & Mar. Ins. Co. v Holmes Transp.,* 616 F Supp 610; *Solomon v National Movers Co.,* 131 Misc 2d 992), plaintiff offered no proof in evidentiary form to support his claim. Affidavits by plaintiff and his attorney were submitted in opposition to the motion. However, it was one of plaintiff's employees who brought the packages to defendant's office and who would be in a position to know what was stated by defendant's agents. No affidavit by this individual or anyone else with firsthand knowledge was offered.

Since plaintiff failed to come forward with proof in admissible form to establish any triable issues of fact, summary judgment was properly granted to defendant.

Order and judgment affirmed, with costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.