■ INTERNATIONAL BUSINESS MACHINES CORPORATION, Appellant, v UNIVERSAL TRANSCONTINENTAL CORPORATION, Respondent. [595 NYS2d 106] —In an action, *inter alia,* to recover damages for breach of a bailment contract, the plaintiff appeals from a decision of the Supreme Court, Westchester County (Bowers, J.H.O), dated October 31, 1990, which limited the plaintiff's recovery to $50, and from a judgment entered July 5, 1991, thereon.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

In the instant action, the plaintiff seeks damages incurred as a result of a cargo loss at the defendant's airport facility on March 12, 1979.

Contrary to the plaintiff's contentions, we find that the Supreme Court properly determined that the defendant's $50 liability limitation contained in the contract between the parties was enforceable. On appeal, the plaintiff argues that since the defendant, a certified air freight forwarder, temporarily stored its cargo prior to interstate shipment, it should be treated as a warehouseman under New York law *(see,* UCC

7-102 [1] [h]), which has a strong public policy against such limitations *(see, I.C.C. Metals v Municipal Warehouse Co.,* 50 NY2d 657). However, the defendant should not be treated as a warehouseman simply because it stores goods temporarily at its airport facility prior to transport by an air carrier *(see, Baloise Ins. Co. v United Airlines,* 723 F Supp 195; *Royal Ins. v Amerford Air Cargo,* 654 F Supp 679).

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Sullivan, J. P., Balletta, O'Brien and Santucci, JJ., concur.