**TODD HOLDING CO., INC.; Toddys of Greeley, Inc., and Toddys of Fort Collins, Ltd., a Colorado corporation, Plaintiffs,**

v.

**SUPER VALU STORES, INC. and Ken Kegerreis, Defendants.**

No. 90–C–968.

United States District Court,
D. Colorado.

July 20, 1990.

David G. Palmer, Gregory J. Kerwin, Denver, Colo., Patricia N. Blair, John C. Grabow, Washington, D.C., for plaintiffs.

John S. Pfeiffer, Denver, Colo., for defendants.

## ORDER REMANDING CASE

CARRIGAN, District Judge.

Plaintiffs, Todd Holding Co., Inc., Toddys of Greeley, Inc., and Toddys of Ft. Collins LTD., ("Plaintiffs") all Colorado corporations, commenced this action in the State District Court in and for Weld County, Colorado, against Super Valu Stores, Inc., a Delaware corporation ("Super Valu"), and Ken Kegerreis ("Kegerreis"), a Colorado citizen. On May 31, 1990, the defendants removed the case to this court pursuant to 28 U.S.C. §§ 1441 and 1446(a). Currently pending is the plaintiffs' motion to remand for lack of subject matter jurisdiction. Defendants have responded by opposing the motion. The parties have fully briefed the issues and oral argument would not materially assist my decision.

### I. Background.

In their complaint, the plaintiffs asserted eight fraud based claims against Super Valu and Kegerreis, as well as six breach of contract claims against Super Valu. Plaintiffs have moved for remand, arguing that complete diversity of citizenship does not exist, no federal question is presented, and therefore this court has no jurisdiction.

Defendants claim that the plaintiffs fraudulently joined Kegerreis to destroy diversity, and, if their motion to dismiss all claims against Kegerreis is granted, complete diversity would exist and jurisdiction in this court would be proper. In addition, the defendants assert that the plaintiffs' fourteenth claim for relief arises under federal law, and therefore it can serve as the basis for federal court jurisdiction.

### II. Federal Question Jurisdiction.

■ As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. The applicable statute declares: "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As stated, the defendants assert that the plaintiffs' fourteenth claim for relief arises under the laws of the United States, and therefore this court has subject matter jurisdiction.

Plaintiffs' fourteenth claim alleges violation of the Colorado Organized Crime Control Act ("COCCA"), Colo. Rev. Stat. § 18–17–101 et seq. (1986 Replacement Volume). Specifically, the plaintiffs claim that the defendants violated federal mail and wire fraud statutes (18 U.S.C. §§ 1341 and 1342). Unfortunately for the defendants, however, "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 817, 106 S.Ct. 3229, 3237, 92 L.Ed.2d 650 (1986). There is no private federal claim for relief for mail or wire fraud. Therefore, the plaintiffs' fourteenth claim does not arise under the laws of the United States, and it cannot support federal court jurisdiction.

### III. Diversity Jurisdiction.

The statute granting diversity of citizenship jurisdiction provides: "[t]he district

courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—(1) Citizens of different states...." 28 U.S.C. § 1332. The Supreme Court has always required that in order to confer jurisdiction on a federal court, diversity of citizenship be complete, *i.e.*, that the citizenship of all plaintiffs be different from that of all defendants. *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806). Plaintiffs are all Colorado citizens. Super Valu is a Delaware corporation, with its principal place of business in Minnesota. Kegerreis is a Colorado citizen. If Kegerreis was properly named as a defendant, complete diversity does not exist, and the case must be remanded.

In opposing the motion to remand, the defendants assert that in order to destroy diversity, the plaintiffs fraudulently joined Kegerreis as a defendant. Specifically, they assert that all claims against the non-diverse defendant, Kegerreis, should be dismissed for failure to plead each element of fraud under Colorado law, and for failure to plead fraud with the particularity required by Rule 9(b), Fed.R.Civ.P. In their response, the plaintiffs assert that they have properly pleaded the fraud claims against Kegerreis, but even if they have not, leave should be granted to amend the complaint. Both parties have totally ignored the primary issue raised by the motion to remand.

### A. The Voluntary–Involuntary Rule.

■ In 1898, the Supreme Court developed the "voluntary-involuntary" rule ("the rule"). This rule requires that an action not originally removable when filed be decided in state court unless a "voluntary" act of the plaintiff has brought about a change rendering the case removable. *Powers v. Chesapeake & Ohio Ry.*, 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898). Shortly after *Powers* the rule as it exists today was created. In *Whitcomb v. Smithson*, 175 U.S. 635, 20 S.Ct. 248, 44 L.Ed. 303 (1900), the plaintiff had commenced an action in state court. The action as against the sole non-diverse defen-

dant was dismissed on a directed verdict. The Supreme Court held that although there was complete diversity after the non-diverse defendant was dismissed, the case was not removable because the dismissal of the non-diverse defendant was not a voluntary act of the plaintiff. In the ensuing ninety years, an unbroken line of cases have held that in actions not originally removable, only a voluntary act of the plaintiff can render the case removable.

In 1949, 28 U.S.C. § 1446(b) was amended to allow removal of cases not removable on the basis of the initial pleading. This amendment, however, did not abrogate the rule. *See DeBry v. Transamerica Corp.*, 601 F.2d 480, 486–488 (10th Cir.1979).

■ Plaintiffs have asserted claims against two defendants, one diverse and one non-diverse. The defendants have moved to dismiss all claims against the non-diverse defendant. If the motion is granted, complete diversity will exist. Under the rule however, the case would not be removable because diversity would not have been created by the plaintiffs' voluntary act.

■ The analysis, however, cannot end here. Defendants assert that the plaintiffs fraudulently joined Kegerreis solely to destroy diversity. "This [fraudulent joinder], of course, presents an exception to the voluntary-involuntary rule and allows removal without a voluntary act on plaintiff's part." *Ushman by Ushman v. Sterling Drug, Inc.*, 681 F.Supp. 1331, 1336 (C.D. Ill.1988).

If the plaintiffs fraudulently joined Kegerreis solely to destroy diversity, the defendants' motion to dismiss should be granted, and subject matter jurisdiction would be proper in this court.

"Fraudulent joinder is a term of art, it does not reflect on the integrity of plaintiff or counsel but is merely the rubric applied when a court finds either that no cause of action is stated against the non-diverse defendant, or *in fact* no cause of action exists." *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal.1979) (emphasis

in original) (citations omitted) *aff'd*, 710 F.2d 549 (9th Cir.1983).

As stated above, the gravamen of the defendants' motion to dismiss is that the plaintiffs failed to allege each element of fraud, and failed to plead fraud with particularity as required by Rule 9(b), Fed.R. Civ.P.

> "Whether the joinder is fraudulent or not is said to depend on whether the plaintiff really intended to obtain a judgment against both defendants.
>
> .    .    .    .    .
>
> If there is a possibility that the plaintiff has stated a cause of action, the joinder is not fraudulent, and the cause should be remanded. Nor will a merely defective statement of the plaintiff's action warrant removal." *Dailey v. Elicker*, 447 F.Supp. 436, 439 (D.Colo.1978) *quoting* 1A *Moore's Federal Practice*, ¶ 0.161[2], at 210, 212–213 (1974).

A careful reading of the complaint, motions and supporting affidavits shows that the plaintiffs intend to obtain judgment against both defendants. Additionally, if the plaintiffs have not sufficiently pleaded fraud, dismissal is not the only option. "[L]eave to amend shall be freely given when justice so requires." Rule 15(a), Fed.R.Civ.P. "[A]ll doubts arising from defective, ambiguous and inartful pleading should be resolved in favor of the retention of state court jurisdiction." *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir.1957).

### IV. Conclusion.

Plaintiffs' fourteenth claim for relief arises under state, not federal law. Therefore, the only possible basis for federal court jurisdiction is diversity of citizenship. I conclude that Kegerreis was properly joined as a defendant. Because both he and the plaintiffs are Colorado citizens, complete diversity of citizenship does not exist. Even if the defendants' motion to dismiss were granted, the voluntary-involuntary rule would prohibit removal of this case to federal court.

Accordingly, IT IS ORDERED that:

(1) This case is remanded to the District Court in and for the County of Weld, Colorado; and

(2) Each party shall bear his or its own costs.