**JIMI DEVELOPMENT CORPORATION,**
a Delaware Corporation, a/k/a Jimi,
Inc. and Jim Pierce, Plaintiffs,

v.

**UTE MOUNTAIN UTE INDIAN TRIBE,**
Ute Mountain Gaming Commission, and
Judy Knight–Frank individually, Defendants.

Civil Action No. 95–D–2678.

United States District Court,
D. Colorado.

June 24, 1996.

Russell B. Sanford, Allan S. Massey, Allen, Rogers, Metcalf & Vahrenwald, Ft. Collins, CO, W. Patrick Harman, The Harman Law Firm, P.C., Albuquerque, NM, Esteban A. Aguilar, Albuquerque, NM, for Plaintiffs.

Jeanne M. Rubin, Law Office of Jeanne M. Rubin, Denver, CO, Eric J. Stein, Cortez, CO, for Defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Defendants Ute Mountain Ute Indian Tribe and Ute Mountain Gaming Commission move to dismiss this action pursuant to Fed. R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. Defendant Judy Knight–Frank moves separately to dismiss for lack of subject matter jurisdiction. Her arguments track those of the Ute Tribe. I will refer to the defendants collectively as the Ute Tribe. The motion is fully briefed and heard. For the reasons set forth in this order I grant defendants' motions to dismiss.

### I.

Plaintiffs Jimi Development Corporation, Jimi, Inc. and Jim Pierce (collectively plaintiffs) bring this action against the Ute Tribe for breach of contract and violation of their constitutional rights. Plaintiffs' claims are based on a Management Services Contract with the Ute Mountain Ute Tribe and a Management Services Contract with Ute Mountain Gaming Commission. They assert jurisdiction exists under 28 U.S.C. § 1343 for violation of their constitutional rights under the Indian Civil Rights Act, 25 U.S.C. §§ 1301–1303 (ICRA). Second, plaintiffs assert that the disputed contracts are governed by the Indian Gaming Regulatory Act, 25 U.S.C. § 2701, et. seq. (IGRA) which creates a federal question under 28 U.S.C. § 1331. The Ute Tribe moves to dismiss these claims under the doctrine of sovereign immunity.

### II.

As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. *Todd Holding Co., Inc. v. Super Valu Stores, Inc.,* 744 F.Supp. 1025, 1026 (D.Colo.1990). Where a party moves to dismiss a pleading pursuant to Rule 12(b)(1) on the ground that the pleading does not set forth sufficient grounds for the court's jurisdiction, "[w]hether the federal district court ha[s] jurisdiction ... must be determined from the allegations of fact in the complaint, without regard to mere conclusory

allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir.1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power and Light Co.*, 495 F.2d 906, 909 (10th Cir.1974). A party may attack the factual assertions on which subject matter is asserted through affidavits and other documents. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir.1995). Where evidence outside the pleadings is considered, the motion is not converted to a motion for summary judgment under Fed. R.Civ.P. 56. *Id.*

## III.

■ The Ute Tribe asserts that this action is barred by the doctrine of sovereign immunity. "Indian tribes have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers." *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58, 98 S.Ct. 1670, 1677, 56 L.Ed.2d 106 (1978). "Thus, suits against Indian tribes are barred 'absent a clear waiver by the tribe or congressional abrogation.'" *Sac and Fox Nation v. Hanson*, 47 F.3d 1061, 1063 (10th Cir.1995) (quoting *Oklahoma Tax Comm. v. Citizen Band Potawatomi Indian Tribe*, 498 U.S. 505, 509, 111 S.Ct. 905, 909, 112 L.Ed.2d 1112 (1991)). Plaintiffs assert that under the holding of *Dry Creek Lodge v. Arapahoe and Shoshone Tribes*, 623 F.2d 682, 685 (10th Cir.1980), tribal immunity is waived because no tribal forum is available for resolution of this matter and plaintiffs have been deprived of due process of law. Further, plaintiffs contend that the resolution of this matter falls under IGRA because the dispute involves regulation of the Ute Tribe's gaming and control of gaming revenues. I will address each of these theories separately.

■ In *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978), the Supreme Court was presented with the question whether suits against Indian tribes under the ICRA are barred by the doctrine of sovereign immunity. Because the ICRA did not expressly authorize civil actions, the Supreme Court addressed whether the ICRA impliedly authorized such actions.

The Supreme Court explored the long history of tribal immunity in this country and determined that:

> Not only are we unpersuaded that a judicially sanctioned intrusion into tribal sovereignty is required to fulfill the purposes of the ICRA, but to the contrary, the structure of the statutory scheme and the legislative history of Title I suggest that Congress' failure to provide remedies other than habeas corpus was a deliberate one.

*Id.* at 61, 98 S.Ct. at 1678–79. Consequently, other than proceedings in habeas corpus, exclusive jurisdiction over other civil matters rests with tribal courts.

Following *Santa Clara Pueblo*, the Tenth Circuit issued its opinion in *Dry Creek*. There, plaintiffs owned land within the exterior boundaries of the Wind River Reservation. Access to the property was by a small road from the highway which had been used by many fee owners for approximately eighty years. After ten years of owning the property, the plaintiffs decided to build a guest lodge for hunting. They consulted the superintendent of the reservation who encouraged them to build the lodge to create employment opportunities. On the day after the lodge was opened, the access road to the lodge was closed at the request of a nearby Indian family the Bonatsies. The closure of the road prevented all access to the Lodge. Plaintiffs sought relief with the tribal court but were refused access to the tribal forum. The district court dismissed the case for lack of subject matter jurisdiction under *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978).

The Tenth Circuit reversed the district court holding that when the issue relates to a matter outside of internal tribal affairs and, when it concerns an issue with a non-Indian, the concerns for recognizing tribal immunity disappear. *Dry Creek*, 623 F.2d at 685. Moreover, plaintiffs sought access to the tribal court and were denied. To deny plaintiffs access to federal court would be to "hold they have constitutional rights but have no remedy." *Id.*

The *Dry Creek* decision has been severely limited by subsequent case law. In *White v.*

*Pueblo of San Juan,* 728 F.2d 1307, 1310–1311 (10th Cir.1984), the Tenth Circuit stated "[T]he Supreme Court holding was that the ICRA could not be interpreted to impliedly authorize an action in federal courts against an Indian tribe or its officers for deprivation of the Act's [ICRA] substantive rights." To harmonize *Dry Creek* with *Santa Clara Pueblo* the Tenth Circuit held that the exception created in *Dry Creek* must be narrowly construed to exist only upon a showing of absolute necessity. *White,* 728 F.2d at 1312. Furthermore, "to adhere to the principles of Santa Clara, the aggrieved party must have actually sought a tribal remedy, not merely alleged its futility. This is not merely a requirement that exhaustion of tribal remedies is a prerequisite to federal jurisdiction, but instead, that tribal remedies, if existent, are exclusive." *Id.*

■ Plaintiffs assert that the Ute Tribe has violated their constitutional rights by taking property including a laptop computer, computer printer, desk file cabinet, files, etc. without due process of law. Plaintiffs argue that because they have been denied access to the tribal forum they have no redress and have met the absolute necessity requirements set forth in *Dry Creek.* In support of the assertion that plaintiffs have been denied access, Jim Pierce stated by affidavit: "I personally, and in my capacity as President of JIMI, Inc., have been informed by the Bureau of Indian Affairs (BIA) that I cannot access the BIA Court serving the Ute Mountain Reservation, pursuant to the tribe's ban upon my physical presence upon the reservation." Plaintiffs also proffer two letters, one from Judy Knight–Frank to Jim Pierce and another from Eric Stein, tribal counsel, to Jim Pierce in support of their contention that they were excluded from seeking tribal relief.

After reviewing the evidence proffered by plaintiffs, I cannot find that they were excluded from the Tribal Council. Although Jim Pierce was banned from the reservation, nothing prevented counsel or another representative from approaching the Tribal Council or the BIA on the plaintiffs' behalf. Counsel for plaintiffs sent several letters to the Ute Tribe threatening litigation. In none of these letters did counsel inquire about a tribal forum or demand a hearing in front of such forum. Under the circumstances here, I conclude that plaintiffs have simply alleged futility. I hold that based on the evidence, plaintiffs have failed to meet their burden of establishing subject matter jurisdiction based on a waiver of sovereign immunity under ICRA.

■ Even assuming plaintiffs have a cause of action under the ICRA for deprivation of due process, this claim is rendered moot by the Ute Tribe's return of plaintiffs' property or offer to make available such property.

■ Plaintiffs next assert that federal jurisdiction is appropriate because the contracts at issue are subject to the IGRA. They contend that the IGRA and its implementing regulations require that management contracts contain a method of dispute resolution and that the compact or tribal ordinance authorizing gaming contain a method for resolution of disputes between the tribe and contractors. Plaintiffs argue that the Ute Tribe's failure to include a dispute resolution clause in the contracts is a violation of the IGRA.

"[T]he purpose of the [IGRA] is to provide a statutory basis for operating Indian gaming to promote economic development, to shield tribes from organized crime, to assure fairness to operators and players, and to establish a Federal regulatory authority for Indian gaming to meet congressional concerns." *Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians,* 63 F.3d 1030, 1032–33 (11th Cir. 1995) (quoting S.Rep. No. 446, 100th Cong., 2d Sess. 15–16 (1988)). As part of this regulatory scheme, the IGRA requires that all management contracts contain specific regulatory requirements. 25 C.F.R. § 531.1. The National Indian Gaming Commission's (NIGC) authority to review and approve gaming-related agreements is limited to management contracts and agreements collateral thereto. 25 U.S.C. § 2711.

■ After this action was commenced, the Ute Tribe submitted the contracts in question to the NIGC for determination whether they constituted "management contracts" under the IGRA. The NIGC determined that because the contracts were for

the management of the tribal gaming commission and regulation of tribal gaming they were not management contracts for purposes of the IGRA. A finding by an agency in charge of implementing a statute is entitled to great deference. *Chevron v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 844, 104 S.Ct. 2778, 2782–83, 81 L.Ed.2d 694 (1984). My review of the statute and implementing regulations leads me to conclude that the NIGC's determination is correct. Therefore, these contracts are not subject to the IGRA.

■ Even assuming that the contracts in question were management contracts, plaintiffs still have no cause of action under the IGRA. In *Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians,* 63 F.3d 1030, 1048 (11th Cir.1995), the plaintiff brought an action for breach of contract and violation of IGRA and NIGC's regulations. The contract there was a management contract under the IGRA. With regard to the dispute resolution requirement in 25 C.F.R. § 531.1(k)(2) for management contracts, the Eleventh Circuit held that "Nothing in the IGRA indicates that Congress abrogated the sovereign immunity of tribes that elect to engage in class II gaming. * * * Congress contemplated that disputes between the tribe and its management contractor might arise and that the management contractor, in negotiating the parties' agreement, would insist on the tribe's waiver of its sovereign immunity so that disputes could be settled in a neutral forum rather than in a tribal court." Here, plaintiffs failed to obtain a waiver of sovereign immunity from the Ute Tribe. It is clear that plaintiffs' counsel was aware that if the parties intended there to be waiver "they would have included it in their contracts." See Amended Complaint, Exh. F., p. 4. In the absence of an explicit waiver, plaintiffs' breach of contract claim is barred by the doctrine of sovereign immunity. *See Sac and Fox Nation,* 47 F.3d at 1063.

■ Plaintiffs next argue that the Tribal–State Compact and the Tribal Gaming Ordinance were not in conformance with the IGRA and its implementing regulations. They assert that IGRA regulations require a Tribal–State Compact contain a dispute resolution provision between management contractors and the tribe. Plaintiffs, however, are unable to point to any provision of the IGRA which gives them a private cause of action for this alleged violation of the IGRA.

■ "The fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington,* 442 U.S. 560, 568, 99 S.Ct. 2479, 2485, 61 L.Ed.2d 82 (1979). Congress provided remedies for certain violations of the IGRA. *See Tamiami,* 63 F.3d at 1049. "When legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies." *National R.R. Passenger Corp. v. National Assoc. of R.R. Passengers,* 414 U.S. 453, 458, 94 S.Ct. 690, 693, 38 L.Ed.2d 646 (1974). Although the plaintiffs may have been harmed by the Ute Tribe's failure to provide for dispute resolution, Congress did not provide a remedy for that harm. In the absence of a statutory remedy, plaintiffs have no cause of action.

Plaintiffs have failed to meet their burden of establishing subject matter jurisdiction. Consequently, this action is dismissed as to all defendants.

Accordingly it is ORDERED that:

Defendants' motion to dismiss is GRANTED. This action is dismissed as to defendants Ute Mountain Ute Indian Tribe, Ute Mountain Gaming Commission, and Judy Knight–Frank with costs awarded to defendants.