David H. **ADAMS**, Plaintiff,

v.

**MOAPA BAND OF PAIUTE INDIANS,** et al., Defendants.

No. CV–S–97–380–DWH(LRL).

United States District Court,
D. Nevada.

Dec. 18, 1997.

Terry A. Coffing, Ronald E. Gillette, Marquis & Aurbach, Las Vegas, NV, for Plaintiff.

Jerome L. Levine, Levine & Associates, Los Angeles, CA, Thomas Rondeau, Las Vegas, NV, for Defendant.

### ORDER

HAGEN, District Judge.

Defendants' motion (# 6) to dismiss for lack of subject matter jurisdiction came before the court for oral argument on November 25, 1997. The court has considered the arguments and evidence presented by the parties in their briefs and at oral argument and finds as follows. The motion to dismiss as to defendants Moapa Band of Paiute Indians, Moapa Tribal Council, and Moapa Tribal Enterprises (collectively, "Moapa defendants") is granted on the ground that consideration of plaintiff's action by this court is premature since plaintiff has failed to exhaust his tribal remedies before the Moapa Tribal Court.[1]

As to defendant Native American Insurance Company ("NAIC") which is a tribal entity of the Kaibab Band of Paiute Indians, no evidence was produced by either party regarding the existence of an active Kaibab Tribal Court. Thus, plaintiff's claims against NAIC cannot be dismissed on the ground that plaintiff failed to exhaust his tribal remedies. However, this court finds that plaintiff has failed to prove that the Kaibab Band waived its sovereign immunity to plaintiff's suit and that plaintiff's action against NAIC must be dismissed on that basis.

1. Because the motion is granted as to the Moapa defendants for failure to exhaust tribal remedies, the court need not consider the alternative argument raised by the Moapa defendants that sovereign immunity bars plaintiff's claims.

## I. *Factual Background*

This action arises from plaintiff's work-related accident which occurred while plaintiff was employed as a maintenance electrician for defendant Moapa Tribal Enterprises. Plaintiff alleges that on April 4, 1995 he suffered serious injuries, including the loss of eleven teeth, a broken jaw, the loss of hearing, and a fractured hip, while performing his duties as a maintenance electrician. He has already undergone a bipolar hip replacement and is expected to require two additional replacements throughout his life. He is now permanently partially disabled.

Plaintiff alleges that he notified his employer, Moapa Tribal Enterprises, of the accident and that his employer, in turn, notified its workers' compensation provider, defendant Native American Insurance Company ("NAIC"). According to plaintiff, although NAIC initially provided benefits and coverage to him, it has now denied him further coverage at the direction of Moapa Tribal Enterprises. Specifically, plaintiff alleges NAIC ignored his requests for coverage and for evaluation regarding his disability. Instead, according to plaintiff, NAIC terminated plaintiff's coverage without any notice, reason or opportunity for appeal.

On April 4, 1997, plaintiff filed a complaint against the Moapa defendants and NAIC. His complaint alleges the following causes of action: (1) declaratory relief; (2) insurance bad faith; (3) fraudulent inducement of employment benefits; (4) violation of due process under 25 U.S.C. § 1302; and (5) personal injury. The complaint also alleges that federal question jurisdiction exists under 28 U.S.C. § 1331.

On May 28, 1997, defendants filed this motion to dismiss for lack of subject matter jurisdiction on the grounds that sovereign immunity bars such an action against them and that plaintiff has failed to exhaust his tribal remedies.

## II. *Analysis*

### A. Legal Standard Governing a Motion to Dismiss for Lack of Subject Matter Jurisdiction Based on Extrinsic Evidence

■ On a motion to dismiss for lack of subject matter jurisdiction, *plaintiff* bears the burden of establishing subject matter jurisdiction because it is plaintiff who is seeking to invoke the court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Sopcak v. Northern Mountain Helicopter Service*, 52 F.3d 817, 818 (9th Cir.1995). Because the court's power to hear the case is at stake, it is not limited to considering the allegations of the complaint but may consider extrinsic evidence. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir.1983). Where a motion to dismiss for lack of subject matter jurisdiction is based on extrinsic evidence, no presumptive truthfulness attaches to plaintiff's allegations in his complaint or any inferences drawn therefrom. *Id.* Moreover, unlike a summary judgment motion, "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

■ If the extrinsic evidence is disputed, the court must hold an evidentiary hearing to resolve the issues of credibility or disputed material facts. *Commodities Export Co. v. United States Customs Service*, 888 F.2d 431, 436–37 (6th Cir.1989). The court has discretion whether to order an evidentiary hearing before trial or postpone the motion until trial. *Id.* Because there is no dispute as to any fact material to this order, no evidentiary hearing will be required.

### B. Plaintiff's Failure to Exhaust Tribal Court Remedies

■ In their motion, defendants argue that this court should abstain from hearing this case until plaintiff has exhausted his remedies before the tribal court. Thus, defendants request that this court either: (1) dismiss the action in favor of tribal court proceedings or (2) retain jurisdiction and stay the action pending resolution by the tribal court.

In *National Farmers Union Ins. Companies v. Crow Tribe of Indians*, 471 U.S. 845, 853–57, 105 S.Ct. 2447, 85 L.Ed.2d 818 (1985), the Supreme Court held that it is premature for a federal court to consider any relief before a civil plaintiff has exhausted

the tribal court remedies available to him. The Court reasoned that requiring exhaustion would support tribal self-government and self-determination, promote the orderly administration of justice by permitting a full factual and legal record to be developed in tribal courts before review in federal court, allow an opportunity for tribal courts to rectify any errors prior to federal court review, and encourage tribal courts to explain the precise basis for accepting jurisdiction so as to guide other courts on the issue. *Id.* 471 U.S. at 856–57. However, the Court noted that exhaustion of tribal remedies would not be required "where an assertion of tribal jurisdiction 'is motivated by a desire to harass or is conducted in bad faith' ..., or where the action is patently violative of express jurisdictional prohibitions, or where exhaustion would be futile because of the lack of an adequate opportunity to challenge the [tribal] court's jurisdiction." *Id.* at 856 n. 21 (citation omitted).

In his opposition brief, plaintiff objects to any exhaustion requirement on the basis that (1) the assertion of tribal court jurisdiction violates the express jurisdiction granted in the Moapa Charter to any court of competent jurisdiction, (2) the assertion of tribal court jurisdiction is made in bad faith and with a desire to harass, (3) no tribal court for the Moapa Band or the Kaibab Band is in operation, and (4) even if such tribal courts existed, exhaustion would be futile because the tribal courts would be biased against plaintiff.

In an "amended opposition" and at oral argument, plaintiff conceded that the Moapa Tribal Court exists and acknowledged that he has filed a similar complaint in the Moapa Tribal Court while awaiting this court's decision on defendants' motion. Plaintiff argues, however, that requiring exhaustion would be futile because in the Moapa Tribal Court proceeding, defendants have filed a motion to dismiss claiming that the tribal court also does not have jurisdiction. Thus, plaintiff argues that given the Moapa defendants' position that neither federal court nor tribal court is the proper forum, it would be futile to continue to pursue this matter before the tribal court. Further, plaintiff contends the Moapa defendants have violated plaintiff's due process rights under the Indian Civil Rights Act ("ICRA") by failing to provide plaintiff a forum by which he can address his grievances. The court will address each of plaintiff's arguments in turn.

■ Plaintiff's first argument that the assertion of tribal court jurisdiction violates the express jurisdiction granted in the Moapa Charter to "any court of competent jurisdiction" has no merit. *National Farmers* only recognized an exception to the exhaustion requirement if an action violates express jurisdictional *prohibitions,* and the Moapa Charter does not prohibit tribal court jurisdiction but rather *grants jurisdiction* to courts of competent jurisdiction. Plaintiff's second argument is unsupported by any evidence of bad faith or a desire to harass on the part of defendants and must be disregarded for that reason. As to plaintiff's third argument, plaintiff has now acknowledged the existence of an active Moapa Tribal Court and has admitted that he currently has an action pending before that court.[2] Plaintiff's fourth argument of futility based upon any tribal court's general bias in favor of the tribe is contradicted by defendants' undisputed evidence of the Moapa Tribal Court's neutrality and independence. See Declaration of Tribal Judge Sheila McCord (filed concurrently with defendants' reply) ¶ 6.

■ Plaintiff's other arguments, raised only in his "amended opposition" and at oral argument, also must fail. Plaintiff's contention that the exhaustion requirement should be excused by the futility of proceeding in Moapa Tribal Court given defendants' position that the tribal court also lacks jurisdiction is premature until the Moapa Tribal Court actually determines whether it has jurisdiction over plaintiff's suit in that forum. In addition, plaintiff's argument that denial of his due process rights under ICRA gives

---

2. Although the Kaibab Constitution permits the Tribal Council to establish Kaibab tribal courts, see Exh. 3 at Article VI, Section 1(k), no evidence has been submitted by either side regarding the existence of an *active* Kaibab Tribal Court.

Thus, defendants' motion to dismiss cannot be granted in favor of defendant NAIC, a tribal entity of the Kaibab Band, on the ground that plaintiff failed to exhaust his tribal remedies.

rise to federal jurisdiction is likewise premature. The case cited by plaintiff, *Dry Creek Lodge, Inc. v. United States*, 515 F.2d 926 (10th Cir.1975), provides only a limited exception to the traditional sovereign immunity bar from suits against Indian tribes in federal court. In a subsequent opinion, the Tenth Circuit interpreted *Dry Creek* as holding that denial of access to tribal courts to assert IRCA claims can give rise to federal jurisdiction but only where the aggrieved party actually sought a tribal remedy, not merely alleged its futility. *White v. Pueblo of San Juan*, 728 F.2d 1307 (10th Cir.1984); see also *Jimi Development Corp. v. Ute Mountain Ute Indian Tribe*, 930 F.Supp. 493, 496 (D.Colo.1996) (rejecting plaintiffs' argument that the *Dry Creek* exception applied where plaintiffs failed to show that they actually sought a tribal remedy even though tribe banned corporate president from reservation and thus denied him access to tribal court; nothing prevented counsel or another representative from approaching tribal council or demanding hearing in front of tribal court). Here, plaintiff is in the process of seeking a tribal remedy and has not yet been denied access to the Moapa Tribal Court. Thus, this case does not fall within the limited *Dry Creek* exception.

Because none of the exceptions to *National Farmers'* exhaustion of tribal remedies requirement applies, the Moapa defendants' motion to dismiss is granted on the ground that it is premature for this court to consider plaintiff's claims before he has exhausted the available tribal remedies before the Moapa Tribal Court.

### C. Sovereign Immunity

■ Defendants claim that this court lacks jurisdiction over the Kaibab Band of Paiute Indians based on the principle of sovereign immunity. In addition, defendants argue that tribal sovereign immunity extends to tribal commercial enterprises, including NAIC which is a subordinate economic enterprise of the Kaibab Band. Plaintiffs, on the other hand, contends that such immunity has been waived by the Kaibab Band.

■ It is undisputed that a tribe cannot be sued in any court without authorization

from Congress or the consent of the tribe. *Turner v. United States*, 248 U.S. 354, 39 S.Ct. 109, 63 L.Ed. 291 (1919); *A.K. Management Co. v. San Manuel Band of Mission Indians*, 789 F.2d 785, 789 (9th Cir.1986). Plaintiff apparently does not dispute that the Kaibab Band is protected from being sued by the doctrine of sovereign immunity or that a tribe's sovereign immunity extends to its commercial enterprises, including NAIC. Thus, the only question to be decided by this court regarding sovereign immunity is whether the Kaibab Band waived its immunity or NAIC's immunity as to civil actions brought in federal court.

Plaintiff argues that sovereign immunity has been waived by NAIC through its governing body for claims arising under the Indian Civil Rights Act ("IRCA"). Plaintiff contends that the Kaibab Band [3] waived its sovereign immunity to suits arising under ICRA in Article XV, Section 1 of its Constitution. Section 1 of Article XV provides:

> The band shall waive its immunity to suit for declaratory and injunctive relief in tribal courts by persons subject to the tribal jurisdiction for the purpose of enforcing rights and duties established by this constitution, by the ordinances of the band, and by the Indian Civil Rights Act, 25 U.S.C., Sections 1301 and 1302.

Exh. 3 to Plaintiff's Opp. at 14.

Defendants counter that this limited waiver of immunity applies only to suits filed in tribal court, not in federal court. They also argue that such a limited waiver in tribal courts cannot be construed to diminish the Kaibab Band's sovereign immunity in other courts, including federal courts. In *Quality Tooling, Inc. v. United States*, 47 F.3d 1569, 1574 (Fed.Cir.1995), cited by defendants, the court determined that the fact "[t]hat the government has waived its immunity in the Court of Federal Claims does not imply that the government has waived its immunity in other courts." Such a finding provides indirect support for defendants' argument that the Kaibab Band's limited waiver of immunity to suits brought in its tribal courts does not extend to actions brought in federal court.

---

**3.** The owner of NAIC.

More persuasive, however, is defendants' argument that, in addition to the plain language of the constitutional clause at issue, a subsequent section of the Kaibab Constitution demonstrates that the waiver is indeed limited to tribal courts, if such courts exist. Section 3 of Article XV provides:

> Except as provided above, the band does not waive its immunity from suit in the courts of the band, the United States or of any state, unless the waiver is expressly authorized by a majority of the tribal council in writing.

Exh. 3 at 14. This finding is further supported by the Supreme Court's decision in *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978). In *Santa Clara*, the Supreme Court held that other than proceedings in habeas corpus, suits against Indian tribes in federal court for deprivation of substantive rights recognized in the IRCA are barred by sovereign immunity. 436 U.S. at 59. Thus, exclusive jurisdiction over such IRCA claims rests with tribal courts, which are obliged to apply IRCA. *Id.* at 59, 65.

Plaintiff's action is barred by the Kaibab Band's sovereign immunity which extends to its commercial enterprises, including defendant NAIC, and defendants' motion to dismiss is granted as to NAIC.[4]

### III. *Conclusion*

Accordingly, **IT IS ORDERED** that the Moapa defendants' motion (# 6) to dismiss is *GRANTED* for failure to exhaust available tribal remedies.

**IT IS FURTHER ORDERED** that defendant Native American Insurance Company's motion (# 6) to dismiss is *GRANTED* on the ground that NAIC is immune from suit in federal court.

---

4. Plaintiff also argues that, as a matter of judicial economy, this court should accept jurisdiction over NAIC. However, plaintiff has provided no authority for the unlikely proposition that the policy of promoting judicial economy creates an exception to the sovereign immunity doctrine.